566 So.2d 3 (1990)
FIRST PACIFIC CORPORATION, a Florida corporation, and Attilio Franciulli, Appellants,
v.
SOCIEDADE de EMPREENDIMENTOS e CONSTRUCOES, LTDA., Appellee.
No. 89-2985.
District Court of Appeal of Florida, Third District.
May 8, 1990.
Rehearing Denied September 25, 1990.
*4 Dunn, Dresnick & Lodish and Alvin Lodish, Miami, for appellants.
Taylor, Brion, Buker & Greene and R. Bruce Wallace, Miami, for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
BASKIN, Judge.
First Pacific Corporation [FPC] and Attilio Franciulli appeal the denial of their motion to dismiss. We affirm.
FPC, a Florida corporation, entered into a loan brokerage agreement with Sociedade de Empreendimentos e Construcoes, Ltda., [SECL], a Brazilian corporation. The brokerage agreement contained a forum-selection clause vesting the courts of the Commonwealth of the Bahama Islands with jurisdiction over disputes arising out of the agreement. The indemnification and pledge agreement SECL entered into as a precondition of the loan contained a similar clause. SECL paid over $256,000 to FPC, but the financing did not materialize. SECL sued FPC and Franciulli, as FPC's agent, in Florida, for damages under the Florida Racketeer Influenced and Corrupt Organization Act, § 895.02, Fla. Stat. (1987), Florida Civil Remedies for Criminal Practices Act, § 772.102, Fla. Stat. (1987), theft, Florida Communications Fraud Act, § 817.034, Fla. Stat. (1987), and common law fraud. SECL alleged in its complaint that including the forum-selection clause in the agreement was part of FPC's scheme to defraud it. FPC and Franciulli moved to dismiss the complaint, asserting that the forum-selection clauses in the contracts place jurisdiction in the Bahamas, that SECL may not maintain the cause of action because it is not authorized to do business in Florida under section 607.354, Florida Statutes (1987), and that the complaint did not adequately state claims for the respective causes of action. The trial court denied the motion as premature. FPC and Franciulli appeal.
Although forum-selection clauses are ordinarily enforced by the courts, The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Manrique v. Fabbri, 493 So.2d 437, 440 (Fla. 1986), "[a] choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought." Bremen, 407 U.S. at 16, 92 S.Ct. at 1916, 32 L.Ed.2d at 523. In this case, SECL is not suing to enforce or rescind the contract. Instead, SECL is seeking specific statutory relief available under Florida law. At the time it entered the contract and agreed to the choice-of-forum clause, SECL could not foresee that it would be subjected to fraudulent treatment. Under these circumstances, enforcement of the clause would contravene Florida policies incorporated into the statutes under which SECL seeks relief. These statutes were enacted to provide a civil remedy to persons victimized by the criminal activities they enumerate. To hold otherwise would allow Florida residents to avoid the impact of these laws by selecting a foreign forum in their contractual dealings.
A forum-selection clause is not enforceable when it is shown that the clause is invalid as a consequence of fraud or overreaching. Zapata. The fraud complained of must relate to the inclusion of the clause in the contract. See Scherk v. Alberto/Culver Co., 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457 n. 14, 41 L.Ed.2d 270, 281 n. 14 (1974). SECL alleges fraud in the inducement in its complaint. "For purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences are allowed in favor of the plaintiff." Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1983). If the allegations in SECL's complaint are accepted as true, Singer v. Florida Paving Co., *5 459 So.2d 1146 (Fla. 3d DCA 1984); Emile v. Florida Power & Light Co., 426 So.2d 1152 (Fla. 3d DCA 1983), the trial court acted properly in denying the motion to dismiss. We therefore affirm the trial court's order, and remand for further proceedings.
Appellants' remaining points lack merit.
Affirmed.