PER CURIAM.
Harold Holder and Vevey Holdings, Inc., appeal an order of the circuit court which dismisses their complaint against Burger King and others. We affirm.
The complaint alleges fraud and breach of fiduciary duty in connection with franchise and lease agreements between the parties. Essentially it is contended that the performance of three Burger King restaurants has been far below what was represented at the time of the transactions. Shortly after this action was initiated Burger King filed its own complaint in federal court alleging trademark infringement and asserting claims for amounts due under the agreements. The order of dismissal is predicated upon forum selection clauses contained in the agreements, which specify that any controversies shall be litigated in the United States District Court, Southern District of Florida.
Appellants argue that the circuit court should not have enforced the forum selection clauses “because the agreements themselves were entered into as a result of fraud and misrepresentation,” and therefore “each and every clause in the agreements is necessarily procured by fraud.” We disagree. When a party seeks to void a forum selection clause on the basis of fraud, it must be demonstrated that the clause itself is the product of fraud. Scherk v. Alberto-Culver Co., 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974); Zions First National Bank v. Allen, 688 F.Supp. 1495 (C.D.Utah 1988); Hoffman v. Burroughs Corp., 571 F.Supp. 545 (N.D.Tex.1982).
This is based on sound policy. Forum selection clauses are agreements by the parties concerning where disputes are to be resolved. A suit for fraud is just one of many disputes that might arise. Absent proof that the forum selection clause is the product of fraud the parties should litigate all claims, including fraud claims, in the agreed on forum. Zions First National Bank, 688 F.Supp. at 1499.
The case of First Pacific Corp. v. Sociedade de Empreendimentos e Construcoes, Ltda., 566 So.2d 3 (Fla. 3d DCA 1990), cited by appellants, is distinguishable. In addition to apparent public policy arguments against enforcement of the clause (the defendant sought to avoid certain Florida statutory causes of action by litigating in the Bahamas), the court found the plaintiff had specifically alleged that “including the forum selection clause in the agreement was part of [defendant’s] scheme to defraud it.” 566 So.2d at 4. No such considerations obtain in the present case regardless of the merits of appellants’ complaint. Notably, appellants have sued for damages without actually seeking rescission of the contracts they claim were procured by fraud. There has been no showing that appellants expressed misgivings about, were improperly induced into, or are unusually disadvantaged by, litigating controversies (contract-related or otherwise) in the forum specified in the franchise agreements.
Affirmed.
SCHOONOVER, C.J., and CAMPBELL and THREADGILL, JJ., concur.