**M.G.J. INDUSTRIES, INC., a Florida Corporation, Marion C. Davis and Stella Davis, Individually, Plaintiffs,**

v.

**GREYHOUND FINANCIAL CORPORATION, INC., a Delaware Corporation, Defendant.**

**No. 92–911–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

July 13, 1993.

Bennie Lazzara, Jr., Lazzara, Caskey, Polli, Gillick & Paul, P.A., Tampa, FL, for plaintiffs.

Donald Arthur Gifford, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, FL, David T. Maddox, Fennemore Craig, P.C., Phoenix, AZ, for defendant.

### ORDER ON MOTION TO TRANSFER

KOVACHEVICH, District Judge.

This cause is before the court on Defendant's Motion to Transfer Venue and request for oral argument filed on February 17, 1993, and Plaintiffs' Memorandum in response filed March 3, 1993. Defendant Greyhound Financial Corporation ("GFC") moves to transfer this case to the United States District

Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

Plaintiffs filed the complaint in this action on July 2, 1992 which alleges that Defendant GFC committed fraud, fraud in the inducement, breach of covenant of good faith and fair dealing, and negligent misrepresentation. Plaintiffs also assert claims of promissory and equitable estoppel and breach of fiduciary duty in connection with a loan transaction. Defendant moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)2 and 12(b)3 or in the alternative to transfer the case on July 29, 1992. This Court denied the motion to dismiss and the motion to transfer on September 14, 1992.

### FACTS

This Court has already held that the Forum Selection Clause included in the "Loan Agreement" is not enforceable because the Clause resulted from fraud. The Court, in its September 14, 1992 Order on Motion to Dismiss, found that "the forum selection clause does not remove Plaintiff from jurisdiction in Florida because a forum selection clause is not enforceable when Plaintiff shows that the clause was the result of fraud." Because the Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is now before the Court, the reasoning for holding the Forum Selection Clause unenforceable will be explained.

Plaintiff alleges the following facts in support of finding the Forum Selection Clause unenforceable. On September 24, 1990 Plaintiff Mr. Davis and M.G.J. Industries, Inc. entered into an asset purchase agreement with several businesses which required Plaintiffs to make a non-refundable deposit of $750,000. The deposit would be forfeited if the asset purchase did not close by the deadline. An amendment to this agreement, executed October 24, 1990, set the deadline for the closing on February 2, 1991.

In order to complete the asset purchase, Plaintiffs had to secure primary and secondary financing. Primary financing was secured through Sun Bank National Association of Orlando and secondary financing was secured through Defendant, GFC. Plaintiffs employed a mortgage broker, William C. McClure, to assist in financing the asset purchase because he specialized in obtaining non-personally guaranteed loans. Mr. Davis had expressed that he did not want loans requiring the personal guaranty of himself or his wife or their personal assets.

Mr. McClure notified Ms. Apker, Assistant Vice-President of GFC, and informed her of the Plaintiffs' necessity to have the secondary financing secured by the deadline. On October 24, 1992, Defendant forwarded a proposal to Mr. McClure which required a personal guaranty. Mr. McClure explained to Ms. Apker that Plaintiffs did not desire a loan with a personal guaranty, and that Plaintiffs could look elsewhere if Defendant required a personal guaranty. Two days later Ms. Apker assured Mr. McClure that a personal guaranty would not be required and submitted a proposal that did not include such a guaranty.

Based on Ms. Apker's assurance, Mr. Davis signed the loan proposal agreement and paid Defendant a $20,000 deposit for the loan. Ms. Apker then orally promised that the Final Commitment Letter would be issued by Thanksgiving 1990. Ms. Apker also took a poll of committee voting on the loan and revealed that the loan would be granted.

The Final Commitment Letter was not issued until December 1990, and on December 28, 1990, Defendant orally informed Plaintiffs that it would not approve Plaintiffs' loan without a personal guaranty from Mr. Davis, that Plaintiffs would be required to pledge stock, and that no reduction in the loan cost would occur. Furthermore, on December 28, 1990, Plaintiffs received Defendant's draft of the Final Commitment Letter which required that Mrs. Davies also guarantee the loan. The draft also called for Defendant's profit participation, personal guaranties, stock pledges, and a management consulting contract.

The asset purchase agreement had been scheduled for January 18, 1991. On January 28, Defendant had claimed that a potential margin imbalance in the Sun Bank Loan existed; thereafter, Plaintiffs had to deposit $250,000 with Defendant as security to cover the imbalance. Plaintiffs were also required

to obtain and personally guarantee a term loan on which Defendant could force Plaintiffs to draw in the event the Sun Bank Loan was not brought into margin.

The asset sellers threatened several times to declare a forfeit of Plaintiffs' $750,000 deposit if the deal was not closed by midnight, February 5, 1991. Plaintiffs closed on the asset purchase agreement and the Greyhound Loan Agreement at midnight, February 5, 1991.

The Forum Selection Clause in question was not presented to the Plaintiffs until the first draft of the Final Loan Agreement around mid-January. This clause, like the personal guaranty and stock pledge requirements, was added to the Defendant's requirements just prior to Plaintiffs' asset purchase agreement deadline. Choice of Law clauses, however, were included in the Loan Proposal Agreement (October 26, 1990) and Loan Commitment Letter (January 8, 1991).

### DISCUSSION

■ The enforceability of forum selection clauses in federal court is governed by 28 U.S.C. § 1404(a). *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In fact a § 1404(a) analysis requires consideration of the "parties' private expression of their venue preference." *Id.* at 29–30, 108 S.Ct. at 2244. Nevertheless, a forum selection clause is not enforceable if "the inclusion of that clause in the contract was the product of fraud or coercion." *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457 n. 14, 41 L.Ed.2d 270 (1974).

■ This court is well aware of the Eleventh Circuit's stance on forum selection clauses set forth in the *Stewart* line of cases. In addition, Defendant in its memorandum in support of the Motion to Transfer cites several cases enforcing forum selection clauses despite allegations of fraud in the underlying contract. The instant case, however, is distinguishable.

A representative of Defendant GFC assured Plaintiffs that personal guarantees would not be required and that the loan agreement would be approved. Defendant was also aware of Plaintiffs' deadline for the asset purchase and that Plaintiffs could be forced to forfeit their $750,000 deposit if the deadline passed. Defendant was thus in a position to coerce the Plaintiffs into accepting unfavorable terms. Consequently Plaintiffs had to accept the terms to acquire the secondary financing or face the $750,000 deposit loss.

The Forum Selection Clause was not introduced until mid-January 1991, two weeks before the asset purchase deadline. Although choice of law clauses were included in the Loan Proposal Agreement and Loan Commitment Letter, the Forum Selection Clause was not mentioned in these documents. The Forum Selection Clause, like the personal guaranty requirement, was procured with use of the Plaintiffs' asset purchase deposit as leverage. Because the Supreme Court's ruling in *Stewart Organization v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) gave controlling weight to *valid* forum selection clauses, weight should not be given to fraudulently procured clauses. This Court therefore refuses to enforce the Defendant's Forum Selection Clause which was procured by using Plaintiffs' asset purchase deposit as leverage.

Forum selection clauses are usually given controlling weight when determining a transfer issue under § 1404(a). *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972). Nevertheless, *Bremen* dealt with upholding "freely negotiated, private international agreement[s] unaffected by fraud." *Id.* As stated previously, the Forum Selection Clause in this case was "affected by fraud". Moreover, the Clause could hardly be considered negotiated or bargained for in the contract. Therefore the Clause will not be enforced and will not be given controlling weight in determining the motion to transfer under § 1404(a).

The controlling statute in a motion to transfer in federal court is 28 U.S.C. § 1404(a). That statute reads:

**For the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought;**

Absent a valid forum selection clause, the burden rests upon the defendant to show that the balancing of interests to transfer the case weighs strongly in his favor. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Defendant in the instant case has not set forth sufficient other factors to warrant a transfer in the interest of justice. In addition, Plaintiffs' choice of forum in bringing the suit is given great weight in deciding a § 1404(a) motion to transfer. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981).

The majority, if not all, of the Plaintiffs' witnesses reside in Florida. Defendant GFC also obviously does business in Florida. In light of the great weight given to Plaintiffs' choice of forum, the unenforceability of the Forum Selection Clause, and the convenience of the witnesses, this case does not warrant transfer to the Arizona District Court. Accordingly, it is

**ORDERED** that Defendant's motion for oral argument is **denied,** motion for leave of court to file a reply (in lieu of oral argument) to Plaintiffs' response objecting to Defendant's motion to transfer is **granted,** and the Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is **denied.**

**DONE and ORDERED.**