767 So.2d 610 (2000)
KERR CONSTRUCTION, INC., Appellant,
v.
PETERS CONTRACTING, INC., et al., Appellees.
No. 5D99-3621.
District Court of Appeal of Florida, Fifth District.
September 15, 2000.
*611 Charles F. Johnson, III, of Blalock, Landers, Walters & Vogler, P.A., Bradenton, for Appellant.
James F. Butler, III, of Smith, Currie & Hancock LLP, Atlanta, Georgia, for Appellees.
SAWAYA, J.
Kerr Construction, Inc. (Kerr) appeals from a non-final order dismissing its cause of action for breach of contract against Peters Contracting, Inc. (Peters). The trial court found that dismissal was appropriate based on its finding that venue lies with the State of Kentucky.[1] We reverse.
Peters contracted with the City of Orlando to perform certain construction services. Employers Insurance of Wausau (Wausau) issued a payment bond for the work to be performed by Peters under the contract. On or about August 25, 1997, Peters entered into a subcontract with Kerr to perform certain portions of the original contract between Peters and the *612 City of Orlando. The subcontract contained a clause which specifically provided that "[t]his agreement shall be construed in accordance with the laws of the Commonwealth of Kentucky and shall be enforced only in the courts of the Commonwealth of Kentucky."
A dispute arose between Kerr and Peters and, on September 9, 1999, Kerr filed suit in Orange County Circuit Court for breach of the subcontract and for recovery under the payment bond. Peters and Wausau moved to dismiss the complaint for improper venue based on the forum selection clause of the subcontract. Kerr argued that section 47.025, Florida Statutes (1999), which became effective on October 1, 1999, vitiated the venue provisions of the subcontract and, therefore, venue properly lay in Orange County, Florida where the work under the subcontract was performed. The trial court granted the motion to dismiss finding that the statute was enacted after the cause of action was filed and that it did not apply retroactively to the subcontract.
The first issue we must resolve is whether Florida law applies to determine the validity and enforceability of the forum selection clause. The plurality of cases resolving issues of venue and the validity of forum selection clauses have regarded such issues as procedural and have applied the law of the forum rather than the law selected by the parties. See Fendi S.r.l. v. Condotti Shops, Inc., 754 So.2d 755, 757 (Fla. 3d DCA 2000), and cases cited therein. We agree with this approach and hold that the validity and enforceability of the forum selection clause of the subcontract in the instant case must be determined by application of Florida law.
The next issue we must resolve is whether section 47.025, Florida Statutes (1999) applies retrospectively to the subcontract entered into between Peters and Kerr. This statute provides:
Any venue provision in a contract for improvement to real property which requires legal action involving a resident contractor, subcontractor, sub-subcontractor, or materialman, ... to be brought outside this state is void as a matter of public policy. To the extent that the venue provision in the contract is void under this section, any legal action arising out of that contract shall be brought only in this state in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located, unless, after the dispute arises, the parties stipulate to another venue.
Kerr argues that the forum selection clause is void as a matter of public policy based on the provisions of section 47.025. Peters and Wausau, on the other hand, contend that this statute is inapplicable to the instant case because it was enacted approximately two years after the subcontract between Kerr and Peters was entered into and approximately one month after Kerr filed its lawsuit in Orange County. Resolution of this issue depends on whether we find the statute to be procedural, in which case it would govern even though the contract was executed before the statute was enacted, or substantive, in which case the statute would be inapplicable.[2]
Procedural statutes are those which govern practice and procedure. See Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So.2d 730, 732 (Fla.1991) (stating that "practice and procedure `encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. "Practice and procedure" may be described as the machinery of the judicial process as opposed to the product thereof.'") (quoting In re Florida Rules of Criminal Procedure, 272 So.2d 65, 66 (Fla.1972) (Adkins, J., concurring)); see also Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975); State v. Garcia, 229 So.2d 236, 238 (Fla. *613 1969) (observing that "procedural law has been described as the legal machinery by which substantive law is made effective"). Procedural laws generally operate retrospectively. See Fallschase Dev. Corp. v. Blakey, 696 So.2d 833, 836 (Fla. 1st DCA 1997) (noting that procedural statutes "operate retrospectively `in the sense that all pending proceedings, including matters on appeal, are determined under the law in effect at the time of the decision....'") (quoting Fogg v. Southeast Bank, N.A., 473 So.2d 1352, 1353 (Fla. 4th DCA 1985)). Substantive laws, on the other hand, are those laws which prescribe "duties and rights." See Alamo Rent-A-Car v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994) (citing Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975)). Substantive laws are presumed to operate prospectively "unless the Legislature clearly expresses its intent that the statute is to operate retrospectively. This is especially true when retrospective operation of a law would impair or destroy existing rights." Id. (citing State v. Lavazzoli, 434 So.2d 321, 323 (Fla. 1983)); see also Zack v. State, 753 So.2d 9 (Fla.2000).
In applying the above rules of construction to section 47.025, we note that section 47.025 provides that forum selection clauses in contracts for improvements to real property are void if they require that legal action involving a resident contractor or subcontractor be instituted outside Florida. Thus, the statute merely requires that venue lie in Florida for disputes arising under these specific types of contracts. Accordingly, the statute does not affect the substantive rights of the parties. It merely requires that those substantive rights be adjudicated by a Florida court. Therefore, the statute is procedural, not substantive. See Terners of Miami Corp. v. Freshwater, 599 So.2d 674, 675 (Fla. 1st DCA 1992) ("While the substantive rights of the parties in a workers' compensation case are determined by the law in effect at the time of the claimant's injury, this rule does not apply to procedural enactments.") (quoting City of Clermont v. Rumph, 450 So.2d 573, 575 (Fla. 1st DCA 1984), rev. denied, 458 So.2d 271 (Fla.1984)); Sullivan v. Mayo, 121 So.2d 424 (Fla.1960), cert. denied, 133 So.2d 647 (Fla.1961); Denver & Rio Grande W. R.R. v. Brotherhood of R.R. Trainmen, 387 U.S. 556, 563, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967) (holding that amendment providing for venue in district where claim arose did not change the substantive law, but rather was wholly procedural; in absence of contrary indication by Congress or any procedural prejudice to either party, amendment was applicable to suit instituted before amendment was enacted).
Having concluded that section 47.025 is procedural and that procedural statutes apply retroactively, we further conclude that retroactive application of the statute in the instant case is appropriate. Therefore, the forum selection clause in the subcontract is void, and venue must be determined in accordance with section 47.011, Florida Statutes. Based on section 47.011, we find that venue is in Orange County, Florida.
Peters incorrectly argues that the choice of law provision is also altered, and therefore, the statute has a substantive effect on its subcontract with Kerr. This is not a valid argument because section 47.025 does not apply to that provision in the subcontract. Therefore, although section 47.025 is procedural and applies retroactively to this case, it only renders void the choice of forum clause. Since the statute does not address choice of law clauses, that part of the subcontract between Kerr and Peters remains valid and applicable. Consequently, the order of dismissal is reversed and this case is remanded for trial in Orange County. During the trial proceedings, the law of Kentucky shall be applied as the substantive law of the case.
REVERSED.
THOMPSON, C.J., and W. SHARP, J., concur.
NOTES
[1] We have jurisdiction to review the trial court's order of dismissal. See Fla. R.App. P. 9.130(a)(3)(A); Management Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999) (stating, "Rule 9.130(a)(3)(A) of the Florida Rules of Appellate Procedure includes orders concerning venue within the limited class of nonfinal orders that are subject to review by appeal before the final judgment."). This rule authorizes a party to obtain review of an adverse decision on venue prior to that party being forced to litigate the complete controversy in the wrong forum. Id.
[2] Whether venue is proper in a particular forum is not a matter of judicial discretion, but is a matter determined by law. Thus, the standard of review is de novo.