801 So.2d 131 (2001)
BOMBARDIER CAPITAL INC., a Canadian corporation, Appellant,
v.
PROGRESSIVE MARKETING GROUP, INC., a Texas corporation, Appellee.
No. 4D01-663.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
Rehearing Denied December 26, 2001.
*133 Robert M. Brochin and Erik W. Scharf of Morgan, Lewis & Bockius LLP, Miami, for appellant.
Reed A. Bryan of Law Office of Reed A. Bryan, Fort Lauderdale, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
This non-final appeal is from an order denying appellant's motion to dismiss for improper venue. The motion was based on an unambiguous mandatory forum selection clause, contained in the contract documents out of which this litigation arose, which required any judicial proceeding arising therefrom to be brought only in a court located in the City and State of New York. We reverse.
Appellee, Progressive Marketing Group Inc. ("Progressive"), a Texas corporation, purchased an aircraft in California. Financing of the purchase was provided by appellant, Bombardier Capital, Inc. ("BCI"), a Massachusetts corporation, with its principal place of business in Vermont, but having a servicing agent in New York. The relevant sales and financing documents out of which this dispute arose contained a provision requiring any judicial proceedings with respect thereto be brought exclusively in certain New York courts. Further, the documents provided that each of the parties accepted, generally and unconditionally, the exclusive jurisdiction of such courts and irrevocably waived any objection as to the venue of such suit. The forum selection clause concluded, in bold-faced capitalized text, with the following language:
ANY JUDICIAL PROCEEDING BY PURCHASER AGAINST SELLER INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER IN ANY WAY ARISING OUT OF, RELATED TO, OR CONNECTED WITH THIS AGREEMENT OR ANY OTHER CREDIT DOCUMENT SHALL BE BROUGHT ONLY IN A COURT LOCATED IN THE CITY AND STATE OF NEW YORK.
Some year and a half later, during which time BCI had relocated its loan servicing agent from New York to Florida, a dispute arose between the parties over certain rights and obligations under the loan documents, culminating in appellee filing this suit in the Circuit Court of Broward County. Appellant moved to dismiss for improper venue, relying on the forum selection clause in the contract documents. The court found the forum selection clause mandatory. Nonetheless, it denied the *134 motion on the reasoning that the parties' selection of a New York forum contemplated that BCI would have its principal place of business in New York, and because BCI was no longer located in New York the forum selection clause was no longer appropriate.
Forum selection clauses are presumptively valid and "should be enforced in the absence of a showing that enforcement would be unreasonable or unjust." Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986)[1]; accord, Am. Online, Inc., v. Booker, 781 So.2d 423, 425 (Fla. 3d DCA 2001); Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 631 (Fla. 1st DCA 1999). Here, however, the trial court did not find, nor did appellee make a showing, that enforcement would be unreasonable or unjust. Instead, the court attempted to avoid enforcing the mandatory forum selection clause by the simple expedient of finding that the parties intended that the forum selection clause would not be binding if BCI was no longer located in New York. Based on that construction, and on the fact that BCI was now located in Florida, the court held that the clause was inapplicable. In doing so, the court erred.
The interpretation or construction of a contract is a matter of law and an appellate court is not restricted from reaching a construction contrary to that of the trial court. Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A., 771 So.2d 628, 630-31 (Fla. 4th DCA 2000). The polestar guiding the court in the construction of a written contract is the intent of the parties. Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp., 302 So.2d 404, 407 (Fla.1974); Bennett v. Williams, 149 Fla. 4, 5 So.2d 51, 51 (1941). Where, as here, the language used is clear and unambiguous the parties' intent must be garnered from that language, Hamilton Constr. Co. v. Board of Public Instruction of Dade County, 65 So.2d 729, 731 (Fla.1953); Khosrow, 771 So.2d at 631, and not from extrinsic evidence. There is nothing in the unambiguous contract language that would support an inference that the parties intended their forum selection clause to apply only if BCI was located in New York. The fact that BCI was no longer located in New York is irrelevant and has no effect on the forum selection clause.
Nonetheless, appellee argues that the trial court's decision should be affirmed if it is correct for whatever reason. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Appellee contends the trial court order denying the motion to dismiss is correct because it made a showing that it fit within three recognized exceptions to enforcement of contractual forum selection clauses, i.e., (1) where the forum selection clause is tainted by fraud, (2) where the forum selection clause is the product of overwhelming bargaining power on the part of one party, and (3) where the forum selection clause is the sole basis upon which to create jurisdiction in a chosen forum. On this record none of these exceptions will justify the court's decision to deny the motion, but we discuss each briefly.

FORUM SELECTION CLAUSE TAINTED BY FRAUD
Appellee's complaint alleged a count in fraud, but in essence it claimed *135 that appellant fraudulently misrepresented that the loan documents did not contain a prepayment penalty. When one "seeks to void a forum selection clause on the basis of fraud, it must be demonstrated that the clause itself is the product of fraud." Holder v. Burger King Corp., 576 So.2d 973, 974 (Fla. 2d DCA 1991). Alternatively, "[t]he fraud complained of must relate to the inclusion of the clause in the contract." First Pac. Corp. v. Sociedade de Empreendimentos e Construcoes, LTDA., 566 So.2d 3, 4 (Fla. 3d DCA 1990). Appellee did not specifically allege that the forum selection clause was part of appellant's scheme to defraud, that the forum selection clause was itself the product of fraud, nor that the fraud related to the inclusion of the clause in the contract.

FORUM SELECTION CLAUSE THE PRODUCT OF OVERWHELMING BARGAINING POWER
Manrique states that trial courts may refuse to enforce forum selection provisions which result from unequal bargaining power, but we think it clear that in using the term "unequal bargaining power" the supreme court intended it to be subsumed within the court's express holding, i.e., that forum selection clauses should be enforced in the absence of a showing that enforcement would be "unreasonable or unjust." Appellee's complaint does not allege that the contract was created involuntarily or that the parties did not stand on equal footing. Facts developed for the record show that while BCI prepared the contract documents without input from appellee, the latter is a consulting firm conducting business all over North America, that it engaged in negotiations for the aircraft, and that prior to the dispute which precipitated this action it was happy to do business with appellant. Our attention has not been called to any Florida case which the court has inquired into whether the parties were "equals" before enforcing a forum selection clause.[2] Suffice it to say, the trial court here did not find that enforcement would be unjust nor unreasonable.
Along this same line of argument, appellee describes the loan documents as "contracts of adhesion," but that in itself would not render the contracts void, the only effect being that any ambiguities in the contracts would be construed against the drafter. See Pasteur Health Plan, Inc. v. Salazar, 658 So.2d 543, 544-45 (Fla. 3d DCA 1995). There are no ambiguities to be construed in the forum selection clause here.

FORUM SELECTION CLAUSE AS SOLE BASIS UPON WHICH TO BASE JURISDICTION
In support of its argument on this "exception" to the enforcement of forum selection clauses, appellee relies on McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla. 1987). There, the supreme court held that a forum selection clause, designating Florida as the forum, cannot operate as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant.[3]Id. at 542. That principle of law, says appellee, would justify the trial *136 court's order because the forum selection clause involved here is the sole basis upon which appellee would be subject to personal jurisdiction in New York (there being no convenience or jurisdictional underpinnings to support New York jurisdiction). But appellee can gain no succor from that argument. The issue here does not involve an attempt to secure personal jurisdiction over appellee in New York. Appellant is not seeking to make appellee a defendant in New York; appellant simply wants appellee to do that which it agreed to do: to litigate in New York any claims it may have against appellant arising out of the contract documents. Furthermore, McRae spoke solely to Florida's policy of not allowing such a clause to be the sole basis upon which to exercise personal jurisdiction over an objecting non-resident, not to New York's policy. That New York courts would exercise personal jurisdiction over the parties to this case does not seem to be in question. "[T]he enactment of the statute [Section 5-1401 of the general obligations law of New York (1984)] now puts beyond argument the policy question of whether New York courts should burden themselves with litigation involving non-residents where the only nexus is the contractual agreement to designate New York as a forum. We have declared in no uncertain terms that we are prepared to accept jurisdiction of such disputes." Credit Francais Intern., S.A. v. Sociedad Financiera De Comercio, C.A., 128 Misc.2d 564, 490 N.Y.S.2d 670, 675-76 (1985).
Finally, appellee argues that Kinney System, Inc., v. Continental Ins. Co., 674 So.2d 86 (Fla.1996), in which our supreme court adopted into Florida law the federal doctrine of forum non conveniens, effectively made the enforcing of a forum selection clause a matter of trial court discretion, rather than a matter of contract law to be enforced in accordance with the principle announced in Manrique. Because we regard the two policies as unrelated, we do not accept that view.
The law as established in Manrique is clearthe trial court must honor a mandatory forum selection clause in a contract in the absence of a showing that the clause is unreasonable or unjust. Manrique, 493 So.2d at 440. The trial court did not find the clause unreasonable or unjust, nor do we. Both parties anticipated litigation in New York when the contract was signed, and that reasonable expectation should be fulfilled. Appellee, a Texas corporation, suffers no additional disadvantage by litigating in New York rather than Florida; either way it is displaced from its home state of Texas.
REVERSED.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] In the Manrique case, the supreme court made clear that the test of unreasonableness is not mere inconvenience or additional expense, but that the party seeking to escape his contract must show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Manrique, 493 So.2d at 440 n. 4 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).
[2] In fact, some of the more recently reported cases upholding the validity and enforcement of such clauses, while not involving that specific issue, contain facts from which it might be inferred that the party which successfully sought enforcement of the clause was one with overwhelming bargaining power. See, e.g., Am. Online, Inc., v. Booker, 781 So.2d 423 (Fla. 3d DCA 2001); Fendi, S.r.l. v. Conditti Shops, Inc., 754 So.2d 755 (Fla. 3d DCA 2000).
[3] Florida's personal jurisdiction over the parties is not an issue here, as both have recognized.