833 So.2d 183 (2002)
GREENSTREET MANAGEMENT, INC., etc, Appellant,
v.
William C. BARKER, Phyllis Barker and Baypointe Development of St. Augustine, Inc., Appellee.
No. 5D01-3706.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
Kevin C. Kaplan of Aragon, Burlington, Weil & Crockett, P.A., Miami and Todd K. Norman of Hartley, Wall & Norman, Orlando, for Appellant.
*184 Eric W. Ludwig, Altamonte Springs and Leigh Meininger of Meininger Fisher & Mangun, P.A., Orlando, for Appellee.
PALMER, J.
Greenstreet Management, Inc., appeals the trial court's non-final order denying its motion to dismiss or transfer for improper venue.[1] Since the contract which forms the basis of this cause of action provides for exclusive venue in Miami Dade County, we reverse and remand for transfer.
Baypointe Development of St. Augustine, Inc., William C. Barker, and Phyllis E. Barker, filed a complaint in the Eighteenth Judicial Circuit, in and for Seminole County, seeking a declaration regarding the parties' rights and obligations with respect to a loan agreement between Baypointe and Greenstreet. The complaint alleged that said loan was usurious. Greenstreet moved to dismiss or transfer the matter for improper venue, contending that the express terms of the loan documents provided for exclusive venue in Miami Dade County. The loan agreement provides in paragraph 21:
This agreement shall be governed by and construed in accordance with the laws of the State of Florida and exclusive venue for the enforcement hereof shall be Miami Dade County, Florida.
The promissory note which accompanied the loan document similarly provides:
The maker and holder hereof also agree that Miami Dade County, Florida, is the proper venue for any and all legal proceedings arising out of this note.
The limited individual guarantee signed by the Barkers provides: "Venue hereafter shall be in Miami-Dade County, Florida."
The Pledge and Security Agreement also states that: "Venue for the enforcement hereof shall be Miami-Dade County, Florida."
The language included in these documents is mandatory, not permissive. See Sauder v. Rayman, 800 So.2d 355 (Fla. 4th DCA 2001)(holding that a forum selection clause in a contract is said to be a "mandatory forum selection clause" if it states that any litigation must, or shall, be initiated in a specified forum). Additionally, the language is not ambiguous. See Bovis Homes, Inc. v. Chmielewski, 827 So.2d 1038 (Fla. 2d DCA 2002)(holding that forum selection clause in home purchase agreement, which stated that venue for any action arising out of the agreement "shall be in a court of competent jurisdiction in the county or the district where the principal place of business of the seller is located," was not ambiguous, and applied to home buyers' action that arose out of the purchase agreement as well as their fraudulent misrepresentation claim). As such, the trial court erred in denying the motion for transfer.
Order REVERSED and cause REMANDED for transfer to Miami Dade County, Florida.
SHARP, W. and ORFINGER, JJ., concur.
NOTES
[1] Jurisdiction is proper. See Fla. R.App. P. 9.130(a)(3)(A).