856 So.2d 1079 (2003)
WARE ELSE, INC., and Ware Enterprises, Inc., Appellants,
v.
Susan OFSTEIN, Appellee.
No. 5D02-3871.
District Court of Appeal of Florida, Fifth District.
October 17, 2003.
*1080 Douglas C. Spears of Stump, Storey & Callahan, P.A., Orlando, for Appellants.
Michael J. Beaudine and Michael E. Milne of Gronek & Latham, LLP, Orlando, for Appellee.
MONACO, J.
Ware Else, Inc. ("Ware Else"), and Ware Enterprises, Inc. ("Enterprises") (collectively, "Appellants"), appeal the order of the trial court denying their motion to dismiss Count II of Susan Ofstein's complaint for improper venue based on a forum selection clause contained in a noncompete agreement. Because we conclude that the forum selection clause is enforceable, and that the motion to dismiss should have been granted, we reverse.
The Appellants are Missouri corporations engaged in the business of supplying temporary and permanent personnel for the food service industry. Enterprises does business and maintains an office in Florida. Ware Else is the parent corporation and does not maintain an office in Florida.
Enterprises hired Ms. Ofstein as a management recruiter pursuant to a letter agreement, and subsequently requested that she sign a "Confidentiality/Nondisclosure/Non-Compete Agreement" (the "Agreement"). The Agreement names both Ware Else and Enterprises as the Employer and contains the following forum and venue selection clause:
This agreement is accepted and entered into in Missouri and any question regarding its validity, construction, enforcement, or performance shall be governed by Missouri law. Any legal proceeding arising from or in any way regarding this Agreement shall have its venue located exclusively in the Circuit Court of St. Louis County, Missouri, and the parties hereby expressly consent and submit themselves to the personal jurisdiction and venue of the court.
Enterprises terminated Ms. Ofstein's employment about 18 months after she was hired. Ms. Ofstein then filed a two-count complaint in the Circuit Court of Orange County, Florida. In County I she sought compensation allegedly owed her pursuant to the terms of her employment under the letter agreement with Enterprises in accordance with section 448.08, Florida Statutes (2002). The letter agreement did not contain a forum or venue selection clause. In County II (the subject of this appeal), Ms. Ofstein sought declaratory relief regarding the interpretation, validity and enforcement of the Agreement that did contain the forum and venue clause referenced above.
Appellants moved to dismiss County II of Ms. Ofstein's complaint for improper venue. Prior to the hearing on the motion, Ms. Ofstein served an affidavit in opposition in an attempt to show that there was unequal bargaining power between the parties. No live testimony was presented at the hearing. Ms. Ofstein related that shortly after being hired she was approached by a vice-president of Ware Else, and handed a pre-printed form entitled Confidentiality/Nondisclosure/Non-Compete Agreement. She further related in her affidavit that she was told that the form was part of the new employee paperwork required of all employees when they are hired. According to her affidavit, she was directed to sign the Agreement, although it was not negotiated or discussed *1081 prior to her execution of it. She concluded that, "It was essentially a `take-it-or-leave-it' proposition."
At the hearing on the Appellants' motion to dismiss neither Ware Else, nor Enterprises refuted or challenged the facts contained in Ms. Ofstein's affidavit. The trial court denied the Appellants' motion to dismiss for improper venue, saying:
In considering the totality of the factors that we have to consider here, I am frankly persuaded to a lesser extent by the convenience issues, but to a greater extent by the splitting of the causes of action with the effect that it would cause people to be litigating in two states probably. So I'm going to deny your motion.
The Appellants filed their nonfinal appeal to this order. We have jurisdiction in accordance with Rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure.
We must first focus on the standard of review to be applied in considering the trial court's denial of the motion. The decision of the trial judge in rejecting the assertion that venue was improper in Orange County did not involve fact finding or the exercise of judicial discretion. Rather it concerned only an issue of law. The Appellants' motion was founded solely on the forum selection clause of the Agreement. The courts of this state have frequently recognized that a decision interpreting a contract provision, including a provision for forum selection, presents an issue of law that is reviewable by the de novo standard of review. See, e.g., Bovis Homes, Inc. v. Chmielewski, 827 So.2d 1038 (Fla. 2d DCA 2002); Benefit Ass'n Intern., Inc. v. Mount Sinai Comprehensive, 816 So.2d 164 (Fla. 3d DCA 2002); Kerr Const. v. Peters Contracting, Inc., 767 So.2d 610 (Fla. 5th DCA 2000); Carr v. Stetson, 741 So.2d 567 (Fla. 4th DCA 1999). The reason for this conclusion was recently confirmed by this court:
Whether venue is proper in a particular forum, however, is not a matter of judicial discretion. If there is no legal basis to support the plaintiff's choice of venue, the trial court must dismiss the case or transfer it to a forum that is authorized under the applicable venue statute. This kind of venue motion usually presents an issue of law or a mixed issue of law and fact. The question is not whether the trial court should transfer venue, but whether it must.
Symbol Mattress of Florida, Inc. v. Royal Sleep Products, Inc., 832 So.2d 233, 235 (Fla. 5th DCA 2002), quoting Management Computer Controls, Inc. v. Charles Perry Const., 743 So.2d 627, 630 (Fla. 1st DCA 1999). Thus, we review this issue de novo.
Under Florida law the parties to a contract may as a general rule stipulate to the proper forum, venue and law that will govern the interpretation and enforcement of their mutual contract. See Quinones v. Swiss Bank Corp., 509 So.2d 273 (Fla.1987). If the contract unambiguously requires litigation to be brought in a particular venue, it constitutes reversible error for the trial court to fail to honor that contractual obligation. See Greenstreet Mgmt., Inc. v. Barker, 833 So.2d 183 (Fla. 5th DCA 2002). See also Swarovski N. Am. Ltd. v. House of China, Crystal & Silver, Inc., 848 So.2d 452 (Fla. 4th DCA 2003). We conclude that the Agreement between the parties unambiguously requires County II to be brought in Missouri, and we disagree that the contract under consideration is not enforceable either because it is considered to be a contract of adhesion, or is unreasonable or unjust.
The crux of Ms. Ofstein's position is that the forum selection clause of the non-compete agreement fails the requirements set forth in Maritime Ltd. P'ship v. Greenman *1082 Advertising Assoc., Inc., 455 So.2d 1121, 1123 (Fla. 4th DCA 1984). The holding in Maritime was adopted by the Florida Supreme Court in Manrique v. Fabbri, 493 So.2d 437 (Fla.1986). Manrique and Maritime essentially hold that forum selection clauses should be enforced unless there is a showing that enforcement would be unjust or unreasonable. If a court determines that the forum selection clause is unreasonable or results from unequal bargaining power, however, it may decline to enforce it. Id. at 440.
More specifically, Manrique and Maritime held that a forum selection clause in a noncompete agreement is enforceable, provided that:
(1) The forum was not chosen because of overwhelming bargaining power on the part of one party which would constitute overreaching at the other's expense.
(2) Enforcement would not contravene strong public policy enunciated by statute or judicial fiat, either in the forum where the suit would be brought, or the forum from which the suit has been excluded.
(3) The purpose was not to transfer an essentially local dispute to a remote and alien forum in order to seriously inconvenience one or both of the parties.
Maritime, 455 So.2d at 1123; see also, Manrique, 493 So.2d at 440.
Ms. Ofstein's initial position is that the forum selection clause in the present contract was forced into the contract by the overwhelming bargaining power of the Appellants, and that it would, therefore, be in violation of the first Maritime/Manrique test. This argument ignores the fundamental fact that the contract in question is an employment agreement between a Florida resident and an out of state national employer.
The affidavit of Ms. Ofstein filed in the trial court arrives at the conclusion that there was unequal bargaining power between her and the appellant, and that the employment offer was a "take-it-or-leave-it" proposition. In reality, however, the vast majority of employment agreements are "take-it-or-leave-it" propositions. The fact is, if Ms. Ofstein did not like the terms of the agreement, she could indeed have left it. This was not a situation where employment with this particular employer was forced on her. She was hired as a marketing recruiter for a national company that supplied temporary and permanent personnel for the food service industry. We see nothing wrong with the Appellants' desire in this case to enhance its contractual and economic predictability by the inclusion and enforcement of a forum selection clause. See America Online, Inc. v. Booker, 781 So.2d 423 (Fla. 3d DCA 2001); see also, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).
In Bombardier Capital Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131, 135 (Fla. 4th DCA 2001), the Fourth District noted that the term "unequal bargaining power," as used by the Manrique court was intended by the supreme court to be "subsumed within the court's express holding, i.e., that forum selection clauses should be enforced in the absence of a showing that enforcement would be `unreasonable or unjust.'" No cases were found either by the Bombardier court or by this court that require the parties to be "equals" before enforcing a forum selection clause. We conclude, therefore, that it is not unreasonable, and does not constitute overreaching for a foreign corporate employer to require contract litigation in a forum where it is familiar with the law.
Ms. Ofstein also argues that the forum selection clause in the subject contract *1083 fails the third Maritime/Manrique test. She posits that the dispute is essentially a local dispute, that it is inconvenient to one or both parties, and that the Missouri courts might not be concerned with it. We find no basis for the assertion that a Missouri judge would not be concerned with the issues raised by this case. More importantly, that is not the point.
The key to the third test is whether the forum selection clause was inserted "to seriously inconvenience one or both of the parties." In fact, the Manrique court said specifically that, "We emphasize that the test of unreasonableness is not mere inconvenience or additional expense." Manrique, 493 So.2d at 440 n. 4; see also America Online. Here, there is nothing in the record that demonstrates that the forum selection clause was incorporated into the contract to seriously inconvenience Ms. Ofstein. Moreover, the only basis contained in Ms. Ofstein's affidavit filed in the trial court to avoid the forum selection provision was the conclusory statement without amplification that litigating in the selected forum would be inconvenient and expensive for her. Neither the trial judge, nor we are convinced by this position. As her legal base is simply not sufficient, we conclude that the third test is not met.
The Manrique court, when discussing inconvenience, quoted a passage from the United States Supreme Court in M/S Bremen v. Zapata Off-Shore, Co., 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), indicating that any party seeking to escape a forum selection agreement must show that a trial in the selected forum "will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Absent that, according to Zapata, "there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." The fact that it will be inconvenient for Ms. Ofstein to litigate in Missouri is not legally significant.
Moreover, even conceiving the contract as a "contract of adhesion" is not decisive. Adhesion contracts are not necessarily void. Rather, any ambiguities in such a contract are construed against the drafter. See Pasteur Health Plan, Inc. v. Salazar, 658 So.2d 543, 544-45 (Fla. 3d DCA 1995), rev. denied, 666 So.2d 901 (Fla.1996). We have discovered no ambiguities in the forum selection clause here. See Bombardier, 801 So.2d at 135.
Finally, we note that in the present case the trial court reason for refusing to enforce the forum selection clause was only that splitting the causes of action would cause the parties to litigate in two different courts. That determination, however practical, is not a finding that meets any of the requirements of Manrique, Maritime, or Zapata.
REVERSED and REMANDED with instructions to grant the motion to dismiss.
PETERSON and ORFINGER, JJ., concur.