874 So.2d 1231 (2004)
GOLDEN PALM HOSPITALITY, INC., Appellant,
v.
STEARNS BANK NATIONAL ASSOCIATION, et al., Appellees.
No. 5D02-4018.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
*1233 James J. Kearn of James J. Kearn, P.A., Daytona Beach, for Appellant.
Scott W. Cichon and Robert Taylor Bowling of Cobb & Cole, Daytona Beach, for Appellees.
SAWAYA, C.J.
Golden Palm Hospitality, Inc. [Golden Palm] appeals the non-final order dismissing its cause of action against Stearns Bank National Association [Stearns]. The trial court held that dismissal was proper because venue necessarily lies within the confines of the state of Minnesota. We reverse.
It is appropriate to dispense with a detailed discussion of the underlying facts because they are not essential to resolution of the issue whether the trial court properly concluded that the forum selection clause mandated dismissal of the Florida case. Suffice it to say that this action emanates from a loan agreement whereby Stearns agreed to finance the construction of a hotel by Golden Palm. When the loan did not materialize in the manner expected, Golden Palm filed a multi-count complaint alleging breach of contract, unjust enrichment, conversion, fraud in the inducement, and civil theft. Stearns moved to dismiss the action based on the following forum selection clause contained within the "Applicable Law" provision of the Construction Loan Agreement executed by Golden Palm:
This Agreement has been delivered to Lender and accepted by Lender in the State of Minnesota. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of STEARNS County, the State of Minnesota. This Agreement shall be governed by and construed in accordance with the laws of the State of Minnesota.
(Emphasis added).
This part of the contract contains both a forum selection provision in the second sentence and a choice of law provision in the third sentence. The promissory note contains a clause with very similar language. Based on this clause and Stearns' election of Minnesota as the forum state, the trial court entered the order we now review finding that the provisions of the forum selection clause required dismissal of the action.
Our initial determination will be the appropriate standard of review we must apply to resolve the issue before us. Stearns adverts to decisions that apply the abuse of discretion standard, contending that is the standard applicable to the instant case. While that may be the appropriate standard when statutory provisions determine the proper venue,[1] the de novo *1234 standard applies when contractual interpretation of a forum selection clause is at issue. Ware Else, Inc. v. Ofstein, 856 So.2d 1079 (Fla. 5th DCA 2003); Bombardier Capital Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001) ("The interpretation or construction of a contract is a matter of law and an appellate court is not restricted from reaching a construction contrary to that of the trial court.") (citation omitted), review denied, 828 So.2d 388 (Fla.2002); Dixon v. City of Jacksonville, 774 So.2d 763 (Fla. 1st DCA 2000); Kerr Constr., Inc. v. Peters Contracting, Inc., 767 So.2d 610, 612 n. 2 (Fla. 5th DCA 2000) ("Whether venue is proper in a particular forum is not a matter of judicial discretion, but is a matter determined by law. Thus, the standard of review is de novo."); Management Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999) ("Florida courts have held that a decision interpreting a contract presents an issue of law that is reviewable by the de novo standard of review.") (citations omitted). Hence we review the forum selection clause in the instant case de novo. Having determined the appropriate standard of review, the focus of our analysis will be: 1) to decide whether the Florida courts initially determine the validity of the forum selection clause; and 2) if the clause is valid, whether it is enforceable and binding on the parties.
The Florida courts agree that contracting parties have the right to select and agree on a forum in which to resolve future disputes. Intercapital Funding Corp. v. Gisclair, 683 So.2d 530 (Fla. 4th DCA 1996); Derrick & Assocs. Pathology, P.A. v. Kuehl, 617 So.2d 866 (Fla. 5th DCA 1993); see also Maritime Ltd. P'ship v. Greenman Adver. Assocs., Inc., 455 So.2d 1121 (Fla. 4th DCA 1984) (holding that parties may agree to forum selection clauses as long as there is no overreaching, contravention of public policy, and the forum is not too remote). This right is premised on the generally accepted notion that "`forum selection clauses provide a degree of certainty to business contracts by obviating jurisdictional struggles and by allowing parties to tailor the dispute resolution mechanism to their particular situation.'" Manrique v. Fabbri, 493 So.2d 437, 439 (Fla.1986) (footnote omitted) (quoting Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886, 889 (Minn.1982)). Hence, as a general rule, whether the forum selection clause is valid and enforceable is a procedural issue that must be determined in accordance with the law of the forum state rather than the law of the state designated in the agreement. Kerr, 767 So.2d at 612 ("The plurality of cases resolving issues of venue and the validity of forum selection clauses have regarded such issues as procedural and have applied the law of the forum rather than the law selected by the parties.") (citation omitted); see also Shoppes Ltd. P'ship v. Conn, 829 So.2d 356 (Fla. 5th DCA 2002).
However, as we have previously indicated, the contract in the instant case contains a choice of law provision that requires the contract to be "governed by and construed in accordance with the laws of the State of Minnesota." This provision raises the issue whether the choice of law provision forms the basis for an exception to the general rule just discussed. The Florida courts adhere to the view that the general rule prevails despite a choice of law provision in the contract. See Fendi S.r.l. v. Condotti Shops, Inc., 754 So.2d 755 (Fla. 3d DCA 2000); see also Manrique (applying the law of the forum, despite a *1235 choice of law provision, in determining the validity of a forum selection clause). Thus, it is generally appropriate for a court in Florida, as a procedural issue, to determine the validity and enforceability of a forum selection clause despite a choice of law provision in the agreement.
The prevailing view is that forum selection clauses are presumptively valid.[2] Decisions from this court, in their outcome and pronouncements, hew closely to this view. See, e.g., Ware Else, Inc.; Prestige Rent-A-Car, Inc. v. Advantage Car Rental & Sales, Inc., 656 So.2d 541, 544 (Fla. 5th DCA 1995). There are exceptions, however, such as: (1) the forum selection clause is tainted by fraud; (2) the clause is a product of overwhelming bargaining power of one party; and (3) the clause is the sole basis upon which to base jurisdiction. Bombardier; see also M.G.J. Indus., Inc. v. Greyhound Fin. Corp., 826 F.Supp. 430 (M.D.Fla.1993) (holding that a clause that is the product of coercion is unenforceable); Friedman v. American Guardian Warranty Servs., Inc., 837 So.2d 1165 (Fla. 4th DCA 2003). More specifically, the clause itself must be the product of fraud. Scherk v. Alberto-Culver Co., 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974); Holder v. Burger King Corp., 576 So.2d 973 (Fla. 2d DCA 1991); First Pac. Corp. v. Sociedade de Empreendimentos e Construcoes, Ltda., 566 So.2d 3 (Fla. 3d DCA 1990) (holding that the fraud, which renders the forum selection clause unenforceable, must relate to the clause's inclusion in the contract). Of these, Golden Palm claims that fraud in the inducement is the exception that renders the clause in the instant case invalid.
When it claims that a forum selection clause is invalid based on fraud, the party must show that the clause itself is the product of the fraud or that the fraud caused the inclusion of the clause in the agreement. Bombardier; Holder, 576 So.2d at 974; First Pac. Corp., 566 So.2d at 4. Golden Palm alleges that Stearns induced it to sign by representing in the proposal letter that: (1) only monthly interest would be due during the 12-month construction phase; (2) monthly principal and interest based on a 20-year amortization would be paid in the permanent financing phase; (3) payment of a $39,200 guaranty fee implied guaranteed financing; (4) the outline of prepayment premiums implied guaranteed financing longer than the 12-month initial period; and (5) Stearns promised to provide financing should the USDA guaranteed loan fall through. These allegations do not show that the forum selection clause was part of Stearns' scheme to defraud, that the forum selection clause was itself the product of fraud, or that the fraud related to the inclusion of the clause in the contract. Because Golden Palm failed to plead fraudulent conduct related to the forum selection *1236 clause per se, we are unable to accede to its request that we reverse the order of dismissal based on the invalidity of the clause. Golden Palm's fraud claim will have to be litigated as the cause of action proceeds in the proper forum so that a meaningful evidentiary hearing can be conducted to resolve the issue. See Holder, 576 So.2d at 974.
Since Golden Palm has failed to show that the forum selection clause is invalid, we must next decide whether the clause is enforceable and binding on the parties to make Minnesota the proper forum for the underlying cause of action. This necessarily depends on whether the clause is permissive or mandatory. See Shoppes Ltd.; Aqua Sun Mgmt., Inc. v. Divi Time Ltd., 797 So.2d 24, 24-25 (Fla. 5th DCA 2001) ("As a general principle, a trial court must honor a mandatory forum selection clause in a contract in the absence of a showing that the clause is unreasonable or unjust.") (citing Management Computer Controls); see also Greenstreet Mgmt., Inc. v. Barker, 833 So.2d 183 (Fla. 5th DCA 2002); Operadora Seryna, S.A. de C.V. v. Banco Bilbao Vizcaya-Mexico, S.A., 762 So.2d 595 (Fla. 5th DCA 2000). "[M]andatory jurisdiction clauses in contracts ... require that a particular forum be the exclusive jurisdiction for litigation concerning the contract...." Shoppes Ltd., 829 So.2d at 357-58. "As a general principle, a trial court must honor a mandatory forum selection clause in a contract in the absence of a showing that the clause is unreasonable or unjust." Aqua Sun, 797 So.2d at 24-25 (citation omitted); Management Computer Controls, 743 So.2d at 631 (citing Manrique; Haws & Garrett Gen. Contractors, Inc. of Fort Worth v. Panhandle Custom Decorators & Supply, Inc., 500 So.2d 204 (Fla. 1st DCA 1986)). "[P]ermissive forum clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in other forums." Shoppes Ltd., 829 So.2d at 358. Hence, "[a] permissive forum selection clause may provide an alternative to the statutory choices of venue but it does not require the plaintiff to file the suit in the forum referred to in the agreement." Management Computer Controls, 743 So.2d at 631; see also Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273 (Fla.1987); Shoppes Ltd.
Recognizing the clear distinctions between mandatory and permissive forum selection clauses, this court delineated a general test to determine which type of clause is contained in a written instrument. Under this test, the court must examine the language of the clause for words of exclusivity. Absent such language, the clause will be considered permissive. Shoppes Ltd., 829 So.2d at 358 (holding that "a classic permissive forum selection clause doing nothing more than consenting to jurisdiction ... but not excluding jurisdiction in another forum" is not mandatory); see also World Vacation Travel, S.A., de C.V. v. Brooker, 799 So.2d 410, 412 (Fla. 3d DCA 2001) ("[A]ny clause which submits parties to the laws in force and the competent courts of a specific forum and simultaneously waives any other territorial jurisdiction can only be deemed mandatory.") (citation omitted), review denied, 821 So.2d 292 (Fla.2002); Copacabana Records, Inc. v. WEA Latina, Inc., 791 So.2d 1179 (Fla. 3d DCA 2001); Management Computer Controls; Sanwa Bank, Ltd. v. Kato, 734 So.2d 557 (Fla. 5th DCA 1999).
The essential provision of the forum selection clause in the instant case states that "Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of STEARNS County, the State of Minnesota." Precedent from the Florida courts and our analysis of this clause lead us to the conclusion that it is permissive. In Granados Quinones, a Panamanian *1237 banking institution brought action concerning certain loans against Guatemalan citizens living in Florida. The Florida Supreme Court held that the forum selection clause in the agreement that designated Panama and Guatemala as the proper venue was permissive rather than mandatory. The clause provided in relevant part that
[i]n any of the cases wherein the contract may be terminated or at the end of the term, the Creditor [Paris Bank] may choose to take legal proceedings to the competent Courts of the City of Guatemala, Department of Guatemala, Republic of Guatemala, or to the competent Courts of Panama City, Republic of Panama. If legal proceedings are entered in the City of Guatemala, the legal action shall be carried out as established by the Codigo Procesal Civil y Mercantil of Guatemala.
Id. at 274 (emphases added). We contrast the permissive clause in Granados Quinones with the mandatory clause analyzed by the court in Brooker, wherein timeshare purchasers sued the seller for breach of their timeshare agreement. The seller moved to dismiss for improper venue because of a forum selection clause in the agreement, which provided:
In case of any controversy or dispute in the interpretation of this agreement, both parties agree and accept to be subjected to the jurisdiction and competence of the Administrative Authorities and Courts of the city of Cancun, Municipality of Benito Juarez, in the State of Quintana Roo, Mexico, and the Federal Consumer Office, forsaking any other jurisdiction which either party may claim by virtue of its residency. Brooker, 799 So.2d at 411 (emphases added).
The difference between the clauses at issue in Granados Quinones and Brooker is illuminating. In Granados Quinones, the agreement allowed for a one-sided choice in favor of the lender. The clause made no mention of the citizens' right to choose a forum in the event legal proceedings were initiated. The clause in Brooker, on the other hand, is palpably distinguishable. One immediately detectable difference lies in the wording: "both parties agree ... forsaking any other jurisdiction which either party may claim by virtue of its residency." The clause in Brooker is clearly mandatory because, unlike the clause in Quinones, it contains the "words of exclusivity" required by this court in Shoppes, Ltd.
The clause in the instant case is similar to the permissive clause in Granados Quinones in that it too lacks the requisite words of exclusivity. Moreover, noticeably absent from both clauses is the terminology "shall," which is indicative of a mandatory provision rather than one that is permissive. See Granados Quinones; Shoppes, Ltd. Finally, like the clause in Granados Quinones, the clause in the instant case states that the venue selection occurs at "Lender's request," the implication being that should the lender not so request, the case may be heard in another appropriate venue.
We conclude that the forum selection clause in the instant case is permissive and, therefore, allows but does not require that the cause of action be brought in Minnesota. Accordingly, the trial court erred in citing the forum selection provision as a reason for dismissing for improper venue. In this circumstance, it is proper for us to reverse and remand this case to the trial court for further proceedings. See Shoppes, Ltd.; see also Sanwa Bank.
REVERSED AND REMANDED.
PALMER and MONACO, JJ., concur.
NOTES
[1] See Carr v. Stetson, 741 So.2d 567 (Fla. 4th DCA 1999); Intercapital Funding Corp. v. Gisclair, 683 So.2d 530, 532 (Fla. 4th DCA 1996) ("A plaintiff has `the option of venue selection, and as long as that selection is one of the statutory alternatives, it should not be disturbed.'") (quoting Oliver v. Severance, 542 So.2d 408, 409 (Fla. 1st DCA 1989)).
[2] See Friedman v. American Guardian Warranty Servs., Inc., 837 So.2d 1165 (Fla. 4th DCA 2003); Thompson v. Keysway Inv., Inc., 818 So.2d 603 (Fla. 4th DCA 2002); Bombardier Capital Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001), review denied, 828 So.2d 388 (Fla.2002); America Online, Inc. v. Booker, 781 So.2d 423, 424 (Fla. 3d DCA 2001) ("Contractual forum selection provisions are presumptively valid and generally enforceable.") (citations omitted); see also Benefit Ass'n Int'l, Inc. v. Mount Sinai Comprehensive Cancer Ctr., 816 So.2d 164, 168 (Fla. 3d DCA 2002) ("Forum selection clauses, such as the one here, are presumptively valid and should be enforced, `unless [the resisting party] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'") (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)); Tuttle's Design-Build, Inc. v. Florida Fancy, Inc., 604 So.2d 873, 874 (Fla. 2d DCA 1992) (holding that forum selection clauses are "prima facie valid").