631 So.2d 1117 (1994)
Steven J. GUTTER, Lawrence Weinstein and Maureen Weinstein, his wife, Appellants,
v.
Robert WUNKER, Robert A. Smith, Jr., and John Does 1 through 19, d/b/a English McCaughan & O'Bryan, a Florida partnership, Appellees.
No. 92-3107.
District Court of Appeal of Florida, Fourth District.
January 12, 1994.
Rehearing, Rehearing and Certification Denied February 28, 1994.
*1118 Steven J. Gutter of Kahn & Gutter, Fort Lauderdale, for appellants.
John R. Gillespie, Jr. and Mimi Sall of Zack, Hanzman, Ponce, Tucker, Korge & Gillespie, P.A., Fort Lauderdale, for appellee Robert F. Wunker.
Marlene S. Reiss and Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellee English, McCaughan & O'Bryan, P.A.
Rehearing, Rehearing En Banc and Certification Denied February 28, 1994.
PER CURIAM.
Appellants contend the trial court erred when it dismissed their second and third amended complaints and entered a final judgment in favor of appellees. We affirm in part and reverse in part.
Appellees are lawyers who were retained by Buxbaum, the promoter of a limited partnership, to prepare an offering prospectus and other legal documents (hereinafter "limited partnership documents") for a restaurant venture which ultimately failed. Appellants are investors who purchased interests in this limited partnership.
We affirm the dismissal of appellants' second amended complaint alleging legal malpractice since appellants have failed to allege an attorney-client relationship. See Angel, Cohen and Rogovin v. Oberon Inv., N.V., 512 So.2d 192 (Fla. 1987) and Espinosa v. Sparber, Shevin, Shapo, Rosen and Heilbronner, 612 So.2d 1378 (Fla. 1993).
Appellants do not base their third amended complaint on legal malpractice. They claim appellees received a finder's fee for the sale of interests in the limited partnership and that appellees' failure to disclose certain material facts in the limited partnership documents constituted fraud. Specifically, appellants claim appellees did not disclose their clients' involvement in a failed restaurant venture in New York, that they relied on the limited partnership documents to their detriment and that they have been damaged by virtue of appellees' failure to disclose this information.
To state a cause of action for fraud, a party must allege: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. Lance v. Wade, 457 So.2d 1008 (Fla. 1984); A.S.J. Drugs, Inc. v. Berkowitz, 459 So.2d 348 (Fla. 4th DCA 1984). A defendant's knowing concealment or nondisclosure of a material fact may also support an action for fraud where there is a duty to disclose. See Don Slack Ins., Inc. v. Fidelity & Cas. Co. of N.Y., 385 So.2d 1061 (Fla. 5th DCA 1980) and RESTATEMENT (SECOND) OF TORTS §§ 550, 551 (1977). Furthermore, where a party in an arm's length transaction undertakes to disclose information, *1119 all material facts must be disclosed. Vokes v. Arthur Murray, Inc., 212 So.2d 906 (Fla. 2d DCA 1986). See also Nicholson v. Kellin, 481 So.2d 931 (Fla. 5th DCA 1985) and Ramel v. Chasebrook Const. Co., 135 So.2d 876 (Fla. 3d DCA 1976).
We hold that appellants' complaint, although inartfully drawn, contains sufficient allegations to state a cause of action for fraud.
Accordingly, we reverse the trial court's order dismissing appellants' third amended complaint and remand this cause for further proceedings.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, C.J., and STONE and WARNER, JJ., concur.