837 So.2d 1165 (2003)
Scott FRIEDMAN, Appellant,
v.
AMERICAN GUARDIAN WARRANTY SERVICES, INC. and First Community Insurance Company, Appellees.
No. 4D02-588.
District Court of Appeal of Florida, Fourth District.
February 26, 2003.
Eric L. Stettin of Kuvin & Stettin, P.A., Fort Lauderdale, for appellant.
George A. David of Gordon J. Evans, P.A., Coral Gables, for appellees.
J. LEONARD FLEET, Associate Judge.
While working at a summer internship in Connecticut, appellant Scott Friedman ("Friedman"), a Florida resident, utilized the Internet to purchase an automobile service contract from appellee American Guardian Warranty Services, Inc. ("Guardian"). Friedman listed his temporary Connecticut address as his residence on the original application, but later amended it to reflect his domicile as being in Florida. The contract contained the following venue section clause:
Venue: The parties agree that for purposes of litigation the venue shall be in the appropriate judicial district in the County of DuPage, State of Illinois, unless venue is required to be in the state wherein the Service Contract is purchased. *1166 Venue is then deferred to the state's requirements.
Approximately four months after the contract went into effect, Friedman's automobile broke down. Contending the cause of the break down was a preexisting condition, Guardian refused to pay the cost of the repair. Friedman brought suit in Broward County alleging, among other things, fraudulent inducement to contract. The trial court granted Guardian's motion to dismiss on the basis of the venue selection clause. We affirm on the same basis.
In Florida, but for three exceptions, venue selection clauses are presumptively valid. Bombardier Capital, Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001). The three exceptions are (1) the forum selection clause is tainted by fraud, or (2) the forum selection clause is the product of overwhelming bargaining power on the part of one party, or (3) the forum selection clause is the sole basis upon which to create jurisdiction in a given forum. Id. at 134. Examination of the amended complaint, the dismissal of which led to the present appeal, fails to reveal allegations which would satisfy any of the three denominated exceptions.
Friedman alleges Guardian perpetrated a fraud upon him by withholding from him the policy "may be governed by Illinois law including the purported venue selection clause." In essence, Friedman alleges fraud by omission rather than by commission. See State v. Mark Marks, P.A., 698 So.2d 533 (Fla.1997). The court cannot agree with this proposition. The venue selection paragraph is concise, obvious, and unambiguous.
Fraud based upon a failure to disclose material information exists only when a duty to make such disclosure exists. Id. at 539. This duty arises when one party has information which the other party has a right to know because there is a fiduciary or other relation of trust or confidence between the two parties. Id. Where a party in an arm's-length transaction undertakes to disclose information, all material facts must be disclosed. Gutter v. Wunker, 631 So.2d 1117, 1118-19 (Fla. 4th DCA 1994).
The amended complaint does not allege a relationship of trust between Friedman and Guardian, therefore it does not properly allege fraud by concealment. It does not allege the wording of the venue selection clause is obfuscatory in nature or amounted to a partial disclosure of the terms of the contract.[1] Because Friedman did not properly allege fraud by concealment or withholding, this case does not come within any of the exceptions to the presumptive enforceability of venue selection clauses. The court below was correct in granting the motion to dismiss.
Because the issue of venue is dispositive, discussion of the remaining points on appeal is not warranted. We note, however, because the case was not dismissed with prejudice, Friedman is free to pursue the matter in the State of Illinois.
AFFIRMED.
SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] Although not dispositive in this case, we further note that the contract granted Friedman a thirty-day right to examine the contract and, if dissatisfied, return it for a full refund of his money. The law presumes Friedman to be free of any incapacity that would prevent him from exercising this right. See Campbell v. Stoner, 249 So.2d 474, 476 (Fla. 3d DCA 1971) ("We first observe that there is a legal presumption of sanity in criminal and civil proceedings."); see also Schaefer v. Voyle, 88 Fla. 170, 102 So. 7, 8 (1924).