[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2003
THOMAS K. KAHN
CLERK

No. 02-13930

D. C. Docket No. 02-20285-CV-PAS

JACQUELINE SOSA, CAROL HUNTINGTON,

Plaintiffs-Appellants,

versus

CHASE MANHATTAN MORTGAGE CORPORATION,
a foreign corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(October 24, 2003)**

Before TJOFLAT and WILSON, Circuit Judges, and LIMBAUGH*, District
Judge.

---

*Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of
Missouri, sitting by designation.

TJOFLAT, Circuit Judge:

Section 8 of the Real Estate Settlement Procedures Act ("RESPA")

provides, in pertinent part:

> (a) Business referrals.  No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
>
> (b) Splitting Charges.  No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C.A. § 2607.  This case presents the question of whether Chase Manhattan

Mortgage Corporation, as a mortgage lender, violated subsection 8(b) of RESPA

when in connection with loan closings it charged borrowers a $50 fee for

"messenger"or "courier" services.  Chase paid part of the fee to third-party

independent contractors that provided the messenger or courier services required

to complete the loan closing.  Because Chase retained a portion of the $50 fee, but

did not make the actual deliveries, the borrower contends that Chase accepted a

portion of the charge "other than for services actually performed."

The district court disagreed and therefore granted Chase's motion to dismiss

the complaint for failure to state a claim for relief.  In the district court's view, to

be liable for violating subsection 8(b), Chase had to have shared the portion of the

fee it retained with a third party; because Chase did not do so, the court reasoned, it did not violate the statute. We affirm the district court's decision to dismiss the complaint but we do so for a different reason.

I.

Congress passed RESPA in order to reduce the costs consumers pay to settle their real estate transactions. The statute states:

(a) The Congress finds that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.

12 U.S.C. § 2601.

One of the abusive practices that Congress sought to eliminate through the enactment of RESPA was the payment of referral fees, kickbacks, and other unearned fees. S. Rep. No. 93-866 (1974), reprinted in 1974 U.S.C.C.A.N. 6546, 6551. Of particular interest to Congress was the payment by settlement service providers of commissions or fees in exchange for the referral of a consumer's business. Id. Congress similarly wished to eliminate fees for which no service

was performed and no goods were furnished. Id. These fees are passed along to consumers and increase settlement costs without providing any benefits.

Section 8 of RESPA addresses kickbacks and unearned fees. Subsection 8(a) contains the general prohibition on making payments pursuant to any referral fee arrangement. Subsection 8(b) attempts to close any loopholes by prohibiting any person from giving or accepting any part of a fee unless services were actually performed. Read together, the two subsections create a broad prohibition against fees that serve solely to increase the cost of settlements to consumers.[1]

## II.

The district court's theory in this case was that subsection 8(b) requires two culpable parties to split an unearned fee. According to the district court, the plain language of the statute compels such an interpretation. The first part of the subsection states that "no person shall give and no person shall accept" a part of a fee other than for services actually performed. 12 U.S.C. § 2607(b). Emphasizing the word "and," the district court stated that there must be both a culpable giver and a culpable acceptor of the unearned fee. The Fourth Circuit has similarly

---

[1] Subsections 8(c) and 8(d) complete the prohibition on kickbacks and unearned fees: subsection 8(c) provides specific examples of the sorts of fees that are earned and not prohibited by subsections (a) and (b), while subsection 8(d) provides criminal and civil liability against persons who violate section 8. 12 U.S.C. § 2607(c), (d).

4

expressed its opinion that the quoted language implies two culpable parties. Boulware v. Crossland Mortgage Corp., 291 F.3d 261, 266 (4th Cir. 2002) ("The use of the conjunctive 'and' indicates that Congress was clearly aiming at an exchange or transaction, not a unilateral act.").

The district court further reasoned that if Chase could be liable for accepting the part of the charge that it did not pay to the third-party contractors, then the borrower could be liable as the "giver" of the purportedly unearned part of the fee. Two other circuits have come to a similar conclusion. The Seventh and Fourth Circuits have held that a settlement service provider cannot be liable for accepting a fee from the consumer, even if part of the fee was unearned. Krzalic v. Republic Title Co., 314 F.3d 875, 879 (7th Cir. 2002); Boulware, 291 F.3d at 265. The Boulware court reasoned that the consumer would necessarily violate subsection 8(b) by giving part of the unearned fee, and that such a result would be irrational. Boulware, 291 F.3d at 265.

The district court's reasoning does not withstand scrutiny, however. First, the assertion that the language "no person shall give and no person shall accept" means that both a giver and an acceptor are required for a violation of subsection 8(b) rests on a misunderstanding of English grammar. Second, a consumer could

not be liable as the giver of an unearned portion of a fee because a consumer will always intend to pay the fee for services that are actually rendered.

The district court's conclusion that subsection 8(b) "plainly says that a violation of the statute requires at least two people" is incorrect. In the English language, the word "and" is "[u]sed to connect words, phrases, or clauses that have the same grammatical function." American Heritage Dictionary of the English Language 49 (1976). Subsection 8(b) is comprised of a single sentence. The "and" in the sentence connects the two phrases, "no person shall give" and "no person shall accept." Each of the connected phrases provides a separate subject and verb for the sentence. The "and" in subsection 8(b) therefore operates to create two separate prohibitions: First, "no person shall give any portion, split or percentage of any charge . . . ."; and second, "no person shall accept any portion, split or percentage of any charge . . . ." Giving a portion of a charge is prohibited regardless of whether there is a culpable acceptor, and accepting a portion of a charge is prohibited regardless of whether there is a culpable giver.

Extending liability only if there were both a culpable giver and acceptor of an unearned fee would lead to irrational results. For example, one real estate settlement service provider could decide to give a kickback to another. The second provider, aware of RESPA's prohibitions, might then refuse to accept the

6

kickback. Under the district court's reasoning, the first provider would not have violated subsection 8(b), because there was no culpable acceptor of the kickback. That the culpable giver's liability would turn on whether the intended recipient decided to accept the kickback is irrational.

Furthermore, a consumer could not be liable as the "giver" of an unearned portion of a fee, because the statute only prohibits giving a portion of a fee "other than for services actually performed." 12 U.S.C. § 2607(b). That is, the payment must be made for some reason other than in exchange for services actually rendered. Absent any connivance, however, a consumer would always pay a fee to a settlement service provider intending that it be used for a service actually performed. A culpable provider could accept the entire fee, knowing that part of it was not for services actually performed, however. In such a case the provider could be liable as an acceptor, but the consumer would not be liable as the giver of the unearned portion of the fee.

III.

Although we disagree with the district court as to whether a single party can violate subsection 8(b), we nevertheless affirm its order. We review the district court's grant of a motion to dismiss <u>de novo</u>, taking as true the facts as they are alleged in the complaint. <u>Covad Communications Co. v. BellSouth Corp.</u>, 299

7

F.3d 1272, 1276 n.2 (11th Cir. 2002). A correct judgment may be affirmed on any ground regardless of the grounds addressed, adopted or rejected by the district court. Johnson Enters. of Jacksonville v. FPL Group, 162 F.3d 1290, 1311 n.50 (11th Cir. 1998) (citations omitted). We find that even if a single party may violate subsection 8(b) by marking up the charge of another settlement service provider, the borrowers have nevertheless failed to state a claim upon which relief may be granted.

To state a claim under the applicable part of subsection 8(b) of RESPA, the borrowers must allege that Chase "accept[ed] any portion, split or percentage of any charge . . . for the rendering of a real estate settlement service . . . other than for services actually performed." 12 U.S.C. § 2607(b). The borrowers have not done so.

The complaint alleges, and we take as true, that Chase charged borrowers $50 for courier or messenger fees, that Chase paid only a portion of that fee to third-party contractors, and that Chase "created the misimpression" that the fees were entirely paid to the third parties. The borrowers have thus contended that Chase accepted a portion of a charge for real estate services. What is missing is an allegation that the portion of the charge that Chase retained was accepted "other

than for services actually performed," i.e., that Chase performed no services that would justify its retention of a portion of the fee.

Not only does the complaint fail to allege that Chase did not perform any services, we do not believe that the borrowers could credibly make such an allegation. It is undisputed that the charges were paid to Chase and that Chase arranged to have items delivered to complete the closing. Through its agents, therefore, Chase performed the deliveries that were the subject of the charges. Moreover, even if Chase could not be credited with the actual delivery, Chase benefitted the borrowers by arranging for third party contractors to perform the deliveries. Under these circumstances, we find it impossible to say that Chase performed no services for which its retention of a portion of the fees at issue was justified.

## IV.

Because we find that the borrowers have failed to allege that Chase accepted a portion of a real estate settlement charge other than for services actually performed, we do not address borrowers' argument that subsection 8(b) is ambiguous, and that Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), commands that we defer to the Department of Housing

9

and Urban Development's interpretation of the subsection. Accordingly, the

district court was correct to dismiss the complaint, and its judgment is

AFFIRMED.