Gershengorn, J.
Facts
At issue is a sale agency agreement between the parties. Plaintiff agreed to “promote and secure orders for defendant’s products in exchange for payment of a certain percentage of the net sale proceeds,” i.e. a sales commission system. The Complaint alleges breach of contract and violation of G.L.c. 93A. The contract contains a forum selection clause which reads “[a]greement shall be governed by the laws of the State of Florida and all disputes shall be resolved in the courts of the State of Florida or in the United States District Court for the District of Florida.” Before the court is a Motion to Dismiss under Rule 12(b)(3). For the reasons stated below the motion is ALLOWED.
Discussion
The United States Supreme Court has held that forum selection clauses are “prima facie valid and should be enforced unless enforcement is shown by the resisting party to be ‘unreasonable’ under the circumstances.” M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Similarly, the Supreme Judicial Court of Massachusetts has held “the parties’ agreement as to the place of the action will be given affect unless it is unfair or unreasonable.” Jacobson v. Mailboxes Etc. U.S.A, Inc., 419 Mass. 572, 574-75 (1995). In the present case, where both parties are sophisticated business entities, there seems to be no reason for this court to consider the forum selection unreasonable. There is no allegation that the “provision was obtained by fraud, duress, the abuse of economic power or other unconscionable means.” Id., quoting Restatement (Second) of Conflict of Laws §80 (1988 revision). Indeed, both the contract and the forum selection clause were drafted by IIDA.
If the court were to, in fact, use Florida law to determine whether or not the forum selection clause is valid, the applicable standard would be significantly the same as under Massachusetts law. Florida law holds that a forum selection clause is also “presumptively valid.” Friedman v. American Guardian Warranty Servs., Inc., 837 So.2d 1165 (Fla. 4th DCA 2003). Florida allows exceptions to this rule if: (1) the forum selection clause is tainted by fraud; (2) the clause is a product of overwhelming bargaining power of one party; and (3) the clause is the sole basis upon which to base jurisdiction. Bombadier Capital, Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001). See also M.G.J. Indus., Inc. v. Greyhound Fin. Corp., 826 F.Sup. 430 (M.D.Fla. 1993) (holding that a clause that is the product of coercion is unenforceable); Friedman v. American Guardian Warranty Servs., Inc., 837 So.2d 1165 (Fla. 4th DCA 2003). As discussed above, none of these factors are present in this case. Therefore, it seems that the court should enforce the agreement.
Plaintiffs argue that under Florida law, the applicable test to determine forum is the “center of gravity test” or “most significant relationship test” as used in the case of Beatty v. College Center of Finger Lakes, 613 So.2d 52 (Fla.App. 1992). However, Beatty did not involve a forum selection clause. Rather, it was a tort claim where the parents of a college student killed in an automobile accident in the Bahamas sought relief from the college who owned the truck in which the student was riding in at the time of his death. Thus, the analysis used by the court in Beatty is inapplicable here.
Finally, the plaintiffs argue that their 93A claims, which are unique to Massachusetts, preclude the application of the forum selection clause. Our courts have held that tort claims such as G.L.c. 93A, which involve the same operative facts as the breach of contract claim, should be heard in the forum selected by the parties. Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics, 433 Mass. 122, 130 (2000) (holding that a breach of contract claim arising out of an alleged improper contract termination of an anti-assignment provision and a 93A claim should be brought in the contract’s selected forum of France). See also Jacobson v. Mailboxes Etc. U.S.A, Inc., 419 Mass. 572, 579 (1995) (“A plaintiff should not be allowed to vitiate the effects of a forum selection clause simply by alleging peripheral claims that fall outside its apparent scope”).
For the reasons stated above, the Defendant’s Motion To Dismiss is hereby ALLOWED.