[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-16096
_____

D.C. Docket No. 02-01001- CV-ORL-18-JGG

BENJAMIN ALEXANDER COLA,

                                                Plaintiff-Appellant,

                        versus

ALLSTATE INSURANCE COMPANY,
an Illinois corporation,
ALLSTATE INDEMNITY INSURANCE COMPANY,
ALLSTATE FLORIDIAN INSURANCE COMPANY,
ALLSTATE LIFE INSURANCE COMPANY,
ALLSTATE CORPORATION,
a Delaware corporation,
EDWARD M. LIDDY,
in his capacity as president,
chairman and chief executive officer
of The Allstate Corporation and Allstate
Insurance Company,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 18, 2005)

Before ANDERSON, PRYOR and HILL, Circuit Judges.

PER CURIAM:

Benjamin Cola appeals the dismissal of his second amended complaint alleging that Allstate Insurance Company fraudulently induced him to enter into a business relationship with it in which he lost his investment, and that Allstate failed to properly compensate him for his work as an employee. The district court dismissed the complaint for failure to state a claim upon which relief could be granted. For the following reasons, we affirm.

## I.

In February of 2000, Benjamin Cola, a licensed real estate broker and insurance agent with, according to his brief, "vast insurance knowledge," entered into an Exclusive Agency Employment Agreement (the "agreement") with Allstate Insurance Company ("Allstate"). Under the agreement, Cola agreed to open his own Allstate insurance agency for a period of eighteen months, after which time Allstate agreed to consider Cola for its Exclusive Agent independent contractor program.

Under the terms of the agreement, Allstate "determined[d] in its sole discretion all matters relating to its business and the operation of the Company, including . . . [t]he acceptance or rejection of any application . . . [and] [t]he limitation, restriction, or discontinuance of the writing or selling of any policies,

2

coverages, lines, or kinds of insurance or other company business . . . ."  The agreement also contained a clause providing that it "supersedes any prior oral statements and representations by the Company to you and any prior written statements and representations by the Company to you in letter, manuals, booklets, memoranda, or any other format."

At the end of the eighteen month period, Allstate did not offer Cola the opportunity to become an independent contractor because he failed to meet its required revenue goals for the eighteen-month period.  Cola alleges that his failure to meet these goals was the result of a totally unexpected change in Allstate's underwriting practices (the use of credit as a component of its underwriting practices) that made selling its product much more difficult.  Cola claims that Allstate's failure to inform him prior to his entering into the agreement that it would change its underwriting policies in this way  amounted to fraudulent inducement.   Furthermore, to the extent that he was an employee, Cola claims that Allstate should have reimbursed him for his investment and the overtime hours he worked during the eighteen months he was employed by it.[1]

---

[1]Cola's complaint was filed in state court, but Allstate removed the case to the district court based upon diversity jurisdiction.

The district court dismissed Cola's second amended complaint[2] for failure to state a claim. Fed. R. Civ. P. 12(b)(6). We review such a dismissal *de novo*. *Sosa v. Chase Manhattan Mort. Corp.*, 348 F.3d 979, 983 (11th Cir. 2003).

**II.**

Cola's fraud claim against Allstate is essentially that it fraudulently induced him to enter into a business relationship with it by omitting certain material facts about that relationship – namely, that it intended to change its underwriting practices to require credit reports on potential insureds. To state a claim for fraud in the inducement by omission, Cola must allege, *inter alia*, that Allstate had a duty to disclose to him that it intended to change its underwriting practices. *Gutter v. Wunker*, 631 So.2d 1117, 1118-19 (Fla. 4th DCA 1994). At oral argument, Cola conceded that Allstate was entitled to change its underwriting practices at any time, but maintained that it had a duty of "fairness" upon which he relied to disclose to him that it intended to do so.

Even assuming that Allstate knew at the time it entered into the agreement with Cola that it intended to change its underwriting policies, we agree with the district court that Cola has failed to allege that Allstate had any duty to disclose

---

[2]Cola's Notice of Appeal, filed on November 25, 2003, challenges only the district court's October 27, 2003 Order dismissing the second amended complaint.

this fact to him. Under Florida law, a duty to disclose such a fact arises only when the parties are in a fiduciary relationship. *Friedman v. American Guardian Warranty Services, Inc.*, 837 So. 2d 1165, 1166 (Fla. 4th DCA 2003). Cola does not plead any facts in his complaint that would allow the court to conclude that such a relationship existed between Cola and Allstate. On the contrary, Cola alleges facts that lead the court to conclude that the parties were in an arms-length business relationship, and that Cola's business experience should have alerted him to that fact.

Nor does Cola allege facts from which the court might conclude that Allstate undertook to make all material disclosures, thereby assuming such a fiduciary duty to Cola. The facts as alleged by Cola reveal that the parties agreed to a certain business relationship, and that Cola, an experienced insurance broker, had no reason to assume that Allstate had any special duty to reveal its future underwriting plans, if any, to him.

Under these circumstances, Cola was not justified in expecting any special treatment from Allstate and was free to take their deal or leave it. His decision to take it cannot be undone by a reevaluation of his prospects once Allstate's underwriting policies changed. *See Friedman,* 837 So. 2d at 1166 ("The amended complaint does not allege a relationship of trust . . . , therefore it does not properly

5

allege fraud by concealment").

Nor was it reasonable for Cola to rely upon Allstate's sense of fairness, if any, to disclose any thoughts it may have had in February 2000 regarding changes in its underwriting policies. Cola expressly agreed in his contractual agreement with Allstate that it had the right to make such changes at any time. Moreover, at the time of the agreement, Cola signed a notice that specifically acknowledged that Allstate could make underwriting changes at any time, and that his "[p]roduction and expenses may be affected" by such changes. Cola, an experienced insurance salesman, thus was on notice that Allstate could change its underwriting, pricing, or selection criteria at any time, in the company's sole discretion and that such changes might adversely affect his ability to sell its policies. Having full disclosure of Allstate's ability to make these changes, Cola cannot state a claim for fraud based on the allegation that such changes occurred. *See Hillcrest Pacific Corp. v. Yamamura*, 727 So. 2d 1053, 1056 (Fla. 4th DCA 1999) (dismissing fraud claims because plaintiff could not reasonably have relied on representations in light of express contract language).

Accordingly, we must agree with the district court that Cola does not allege facts that support a conclusion that Allstate was under an obligation to tell him of any impending change in its underwriting policies, or that he reasonably relied

6

upon any such duty. Therefore, this claim was properly dismissed.

As to Cola's remaining claim that Allstate failed to reimburse him for expenses incurred and overtime work, the district court dismissed it for failure to allege any basis for this claim. Cola does not allege any statute or other federal or state law that would entitle him to such reimbursement. Accordingly, this claim was also correctly dismissed.

## III.

Cola's second amended complaint was properly dismissed because it fails to state a claim upon which relief might be granted. Accordingly, the dismissal of the complaint is

**AFFIRMED.**