The **ARTEC GROUP, INC.,** Plaintiff,

v.

**CHUGACH MANAGEMENT SERVICES, INC.,** Defendant.

No. 8:06–CV–935–T–27TGW.

United States District Court, M.D. Florida, Tampa Division.

Dec. 21, 2006.

Marcus A. Castillo, Haas & Castillo, P.A., Clearwater, FL, for The Artec Group Inc., Plaintiff.

Patrick H. Gonyea, Vernis & Bowling of Miami, P.A., North Miami, FL, for Chugach Management Services, Inc., Defendant.

### ORDER

WHITTEMORE, District Judge.

**BEFORE THE COURT** is Defendant's Motion to Dismiss (Dkt. 6) and Plaintiff's Response in opposition (Dkt. 7). Upon consideration, Defendant's Motion to Dismiss (Dkt. 6) is **DENIED.**

### Allegations of the Complaint

Defendant contracted with the United States Air Force for construction of a project on MacDill Air Force Base.

(Compl.¶ 7, Ex. B). Defendant subcontracted a portion of its work under the contract to Plaintiff. (Compl.¶ 7). With Defendant's consent, Plaintiff, in turn, subcontracted a portion of its work to KC Petroleum, Inc. (Compl.¶¶ 8–9). Pursuant to its agreement with the Air Force, Defendant was required, in the event of a project cost overrun, to certify that work on the project would cease, Defendant would contact the Defense Logistics Agency and, if necessary, request congressional funding to complete the project. (Compl.¶ 16).

After the start of excavation, an unusual volume of ground water and contaminants was encountered. (Compl.¶ 11). KC Petroleum incurred additional costs in addressing the ground water issue and submitted a request for payment to Plaintiff. (Compl.¶¶ 13–14). Plaintiff, in turn, presented Defendant with a request for "equitable adjustment" under its contract. (Compl.¶ 14). Plaintiff's request was denied by Defendant in a letter which provided four reasons. (Compl.¶ 20). Plaintiff completed the project and provided a release to Defendant in order to receive its final payment on the job. (Compl.¶ 22). KC Petroleum ultimately obtained an arbitration award against Plaintiff for the excavation and dewatering costs. (Compl.¶ 23). Plaintiff brought this action for fraud, alleging that Defendant fraudulently omitted a material fact in its letter denying Plaintiff's request for an equitable adjustment of its contract. (Compl.¶¶ 29–37). In its motion, Defendant challenges the sufficiency of the allegations in the complaint.

Plaintiff alleges that "Defendant, unbeknownst to Plaintiff, did not consider its request for equitable adjustments on its merits but rather sought to find a basis to deny the claim (whether or not such basis was correct) without discharging its statutory duty to stop the project, notify the Defense Logistics Agency and seek congressional funding." (Compl.¶ 19) Plaintiff alleges that Defendant "knew that the true reason for denying the request for equitable adjustment was not the reasons stated" in its rejection letter. (Compl.¶ 33). "Rather, the real reason was the threat of piercing the statutory threshold." (Compl.¶ 33). Plaintiff alleges that if it had known the real reason for denial of its request, it would have pursued an appeal, contacted the Defense Logistics Agency, and would not have signed a release. (Compl.¶ 28).

### Applicable Standards

A court may grant a motion to dismiss "only when the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v. Hunt,* 381 F.3d 1077, 1080 (11th Cir.2004) (internal quotation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *United States v. Baxter Int'l, Inc.,* 345 F.3d 866, 881 (11th Cir.2003). Rule 8 requires only a short and plain statement of the claim showing entitlement to relief. A plaintiff is not required to "allege a specific fact to cover every element or allege with precision each element of a claim." *Roe v. Aware Woman Center for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001).

### Discussion

Defendant argues that Plaintiff cannot bring a claim for fraud based on the "nondisclosure of a mere possibility" and that

Plaintiff has not alleged that the reasons for denial given by Defendant in its denial letter were invalid, independent of the statutory piercing issue. Defendant also argues that Plaintiff has not alleged that Defendant prevented Plaintiff from discovering the statutory cap and that Plaintiff could have discovered the statutory cap on its own. Defendant essentially argues that the non-disclosure does not constitute a material non-disclosure.

■ A cause of action for fraudulent misrepresentation requires: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that it was false; (3) intent by the person making the statement to induce another's reliance; and (4) reliance by such other person on the misrepresentation. *Johnson v. Davis,* 480 So.2d 625, 627 (Fla.1985); *Gutter v. Wunker,* 631 So.2d 1117, 1118 (Fla. 4th DCA 1994). A knowing concealment or non-disclosure of a material fact can support an action for fraud when there exists a duty to disclose the material information. *Friedman v. Am. Guardian Warranty Servs., Inc.,* 837 So.2d 1165, 1166 (Fla. 4th DCA 2003); *Gutter,* 631 So.2d at 1118; *Johnson,* 480 So.2d at 627 ("where failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative representations is tenuous"). A duty to disclose arises when a fiduciary relationship is present. *Friedman,* 837 So.2d at 1166. Further, even in the absence of a fiduciary relationship, when a party voluntarily undertakes to disclose information, it must disclose all material facts. *Id.; Gutter,* 631 So.2d at 1118–19; *Vokes v. Arthur Murray, Inc.,* 212 So.2d 906, 909 (Fla. 2d DCA 1968).

■ Plaintiff has sufficiently alleged a cause of action for fraudulent misrepresentation under the liberal pleading requirements of Rule 8. Plaintiff alleges that Defendant failed to disclose to Plaintiff the "real reason" for rejecting Plaintiff's request for an equitable adjustment, the statutory requirement that Defendant halt the project in the event of a cost overrun. (Compl.¶¶ 19, 33). Plaintiff alleges that Defendant knew the real reason was not included in the denial letter. (Compl.¶ 31, 32). Plaintiff alleges that had Plaintiff known of the statutory cap, Plaintiff would have pursued an appeal and contacted the Defense Logistics Agency, if necessary. (Compl.¶ 28).

Plaintiff alleges that Defendant had a duty to disclose in that it voluntarily undertook to disclose some information but failed to disclose all material facts. *See Gutter,* 631 So.2d at 1118–19; *see also S & B Investments, LLC v. Motiva Enterprises, L.L.C.,* 2004 WL 3250306, *3 (S.D.Fla. Dec. 6, 2004). Plaintiff alleges that Defendant was aware that the costs of remediating the excess groundwater would result in the statutory limit being pierced and that several of Defendant's employees urged Defendant to fulfill its statutory duty to stop the project, notify the Defense Logistics Agency and seek congressional funding when defendant received Plaintiff's request for equitable adjustment. (Compl.¶¶ 17–19). These allegations support something more than a mere possibility. Discovery may prove otherwise but for purposes of the instant motion to dismiss, the allegations are sufficient. *Cf. Hauben v. Harmon,* 605 F.2d 920, 924 (5th Cir.1979)(no duty to disclose a *possibility* that the District may acquire the property at issue for condemnation where sellers definitively learned about actual condemnation two months after the contract for sale).

■ Finally, whether or not, as Defendant argues, Plaintiff should be charged with knowledge of the statutory cap is an issue more appropriately addressed in a dispositive motion or trial. *See e.g. M/I*

*Schottenstein Homes, Inc. v. Azam, et al.,* 813 So.2d 91, 94 (Fla.2002)(where misrepresented information is alleged to be in the public record, the question of whether a cause of action exists generally should not be resolved through a motion to dismiss).

Accordingly, Defendant's Motion to Dismiss (Dkt. 6) is **DENIED.**