[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 03, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14999
Non-Argument Calendar

_____

D. C. Docket No. 07-00137-CV-CG

ALLIE BELL SNOWDEN MOODY,

Plaintiff-Appellant,

versus

COMMONWEALTH LAND TITLE INSURANCE COMPANY,
ANCHOR TITLE, L.L.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 3, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Allie Bell Snowden Moody appeals from the district court's order dismissing her complaint against Commonwealth Land Title Insurance Company and Anchor Title, L.L.C., based on her failure to state a claim under § 8 of the Real Estate Settlement Procedure Act (RESPA), codified at 12 U.S.C. § 2607.[1]  Moody was charged a $555 fee for a title insurance policy issued by Anchor through Commonwealth.  She alleges that because the title insurance premium was only $284.50 under Alabama law, the remaining $270.50 "surcharge" constituted a fee for something "other than services actually performed" within the meaning of § 8(b) of RESPA.  See 12 U.S.C. § 2607(b).

Moody's claim that the $555 title insurance premium exceeded the maximum amount authorized by Alabama law is not actionable under RESPA.  We have recently joined the Second, Third, Fourth, Seventh and Eight Circuits in holding that § 8(b) of RESPA "does not govern excessive fees because it is not a price control provision."  Friedman v. Market Street Mortgage Corp. (Friedman II), 520 F.3d 1289, 1296 (11th Cir. 2008).  We have rejected the notion that courts should break single fees into various "components" for evaluation, as Moody would have us do here with the allegedly "earned" versus "unearned" portions of

_____

[1] We review de novo a "district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Castro v. Sec'y of Homeland Security, 472 F.3d 1334, 1336 (11th Cir. 2006).

the fee.  Id. at 1297.  Moreover, we have held that "subsection 8(b) requires a

plaintiff to allege that no services were rendered in exchange for a settlement fee."

Id. at 1298 (emphasis added).  Moody merely claims that she was charged an

inflated fee for a service that was indisputably provided by Anchor through

Commonwealth: the issuance of the title insurance policy.[2]  Moody's claim is

barred by our prior precedent, and the district court rightly found that such a claim

is beyond the purview of RESPA.

**AFFIRMED.**

---

[2] Moody alleges that Anchor and Commonwealth split the fee, though she does not allege that the fee was split with the lender.  Moody concedes, however, that she was "charged $555.00 for the 'Lender's Policy' . . . issued by Anchor thru (sic) Commonwealth."  Thus, Moody has not alleged that Anchor and Commonwealth "performed no services that would justify its retention of a portion of the fee."  Sosa v. Chase Manhattan Mortgage Corp., 348 F.3d 979 (11th Cir. 2003).