HARDIMAN, Circuit Judge,
Dissenting.
The majority holds that the District Court erred when, at the motion to dismiss stage, it relied on materials outside the amended complaint to conclude that the Title Agency performed services to earn the $150 fee at issue here. I agree that the District Court erred in this regard. According to my colleagues, a remand is necessary because “the question of whether Title Agency performed or did not perform services may alter the analysis of whether the plaintiffs properly stated a claim under § 8(b)” of the Real Estate Settlement Procedures Act (RESPA). I disagree that a remand is appropriate, however, because the record and the briefs demonstrate that Plaintiffs cannot state a claim under § 8(b) regardless of whether the Title Agency performed any services. In my view, the Tubbses’ concession that the Title Agency did not split the $150 fee with any third party dooms their RESPA claim.[1] Accordingly, I respectfully dissent.
I.
The amended complaint avers that the Title Agency violated § 8(b) when it charged an unearned $150 fee. Significantly, the amended complaint does not allege that the Title Agency split or otherwise shared this $150 fee with Wachovia (or anyone else); it merely avers that the Title Agency kept this fee entirely for itself. The amended complaint further alleges that the Tubbses separately paid a total of $80 to Wachovia for the same services. The text and structure of § 8(b) of RESPA, however, make clear that such allegations are insufficient to state a claim for relief.
A.
Section 8(b) of RESPA prohibits the giving or receiving of “any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service ... other than for services actually performed.” 12 U.S.C. § 2607(b) (emphasis added). The words “portion,” “split,” and “percentage” necessarily imply something less than the whole amount. These three words, in turn, modify the “charge” or fee that one receives in conjunction with real estate services. Thus, the plain language of § 8(b) indicates that the statute prohibits receiving a portion of an unearned fee for real estate *107 settlement services; it does not prohibit the receipt of the entire, undivided fee.
Our prior cases interpreting § 8 of RESPA have recognized as much. See Santiago v. GMAC Mortgage Group, Inc., 417 F.3d 384, 387 (3d Cir.2005) (“Section 8(b) states that no person can accept a fraction of a charge for services provided, unless they have actually provided services.”) (emphasis added); Alston v. Countrywide Fin. Corp., 585 F.3d 753, 761 (3d Cir.2008) (noting that the words “any portion, split or percentage thereof’ in § 8(b) indicated that Congress knew how to “differentiate between all charges and a portion of those charges”). Indeed, to hold that § 8(b) prohibits the receipt of an entire unearned fee would render the words “portion, split, or percentage” meaningless. See Erienet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 516 (3d Cir.1998) (we must give effect to all provisions of a statute “so that no part will be inoperative or superfluous, void, or insignificant”) (quoting Pa. Med. Soc’y v. Snider, 29 F.3d 886, 895 (3d Cir.1994)) (internal quotation marks omitted). These precedents, along with the plain language of § 8(b), confirm that a plaintiff must allege that a fee was split to state a claim under RESPA.
My interpretation is buttressed by the structure of § 8. When interpreting a particular subsection, we must evaluate its language in the broader context of “the language and design of the statute as a whole.” Weil Ceramics & Glass, Inc. v. Dash, 878 F.2d 659, 671 (3d Cir.1989) (quoting K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)) (internal quotation marks omitted). Here, the operative language of § 8(b) appears under the heading “Splitting charges.” See 12 U.S.C. § 2607(b). When read in conjunction with the statutory language, Congress’s choice of a title for § 8(b) strongly suggests that a plaintiff must allege that a defendant received some portion of a larger fee to state a claim under the statute. See Santiago, 417 F.3d at 389 (“Section 8(b) is titled ‘Splitting charges,’ and prohibits the acceptance of ‘any portion, split, or percentage of any charge.’ ”).
Moreover, if Congress wanted to extend § 8(b) to cover situations in which a defendant kept an entire fee, it knew how to do so. Section 8(a), which immediately precedes § 8(b) and does not appear under the heading “Splitting charges,” does not require a defendant to accept a “portion, split, or percentage” of an unearned charge. See 12 U.S.C. § 2607(a). Instead, § 8(a) imposes liability on a defendant who accepts “any fee, kickback, or thing of value.” Id. When read together, these sections suggest that Congress intended to punish different conduct when it included the language “portion, split, or percentage” in § 8(b) but not in § 8(a). By giving full effect to the disparate language of each subsection, my interpretation avoids rendering the other subsection superfluous.
The text and structure of § 8(b) thus make clear that, to state a claim, the Tubbses were required to allege that the Title Agency split the $150 fee with a third party. Instead of doing so, the Tubbses alleged that the Title Agency received a $150 fee for which it performed no services. In addition, the Tubbses averred that “Wachovia separately charged Plaintiffs, and Plaintiffs paid Wachovia, $40 for each mortgage” to perform the services for which they were billed by the Title Agency. Thus, the Tubbses alleged that they paid two separate and distinct charges— one to Wachovia and the other to the Title Agency — for the same service. Because the Tubbses did not — and cannot — allege that the fee received by the Title Agency was a smaller “portion, split, or percent *108 age” of a larger charge, as § 8(b) requires, I would hold that they have failed to state a claim for relief.[2]
B.
The Tubbses argue that our decision in Santiago made clear that a plaintiff need not allege that a fee was split to state a claim under § 8(b). They claim the sole inquiry under Santiago’s interpretation of § 8(b) is whether the Title Agency actually performed a service to earn the fee at issue. But Santiago did not extend liability under § 8(b) that far. Santiago considered whether § 8(b) includes a cause of action for overcharges and markups. In RESPA parlance, an overcharge occurs when one performs settlement services itself but charges a fee that is substantially higher than its reasonable cost. Santiago, 417 F.3d at 387; Kruse v. Wells Fargo Home Mortgage, Inc., 383 F.3d 49, 53 (2d Cir.2004). A markup occurs when one outsources a settlement service to a third party and charges the consumer a fee that exceeds one’s actual costs without providing any additional service. Santiago, 417 F.3d at 389; Kruse, 383 F.3d at 53.
In Santiago, we held that § 8(b) prohibits markups, but nowhere did we imply that a plaintiff need not allege that a fee was split to state a claim under § 8(b). As the Title Agency notes, the markup at issue in Santiago necessarily included a split fee: the defendant charged the consumer an inflated fee, part of which was passed on to the vendor who actually performed the service and part of which the defendant kept for itself. Indeed, the only practice that we found beyond § 8(b)’s grasp in Santiago was the overcharge, which by definition included no splitting of fees. See 417 F.3d at 387.
The Tubbses’ reliance on Santiago is undercut further by our statement that “[a]s a whole, Section 8(b) states that no person can accept a fraction of a charge for services provided, unless they have actually provided services.” Id. (emphasis added). Our more recent decision in Alston only confirms that Santiago cannot bear the weight that the Tubbses place upon it. In Alston, we considered whether a mortgage insurance kickback scheme was actionable under § 8 of RESPA even if the plaintiffs suffered no damages. 585 F.3d at 755. Examining § 8(b) in the course of our interpretation of RESPA’s damages provision, § 8(d), we noted:
It cannot seriously be contended that when Congress sought to differentiate between all charges and a portion of those charges, it did not know how to do so. In section 8(b), for example, Congress differentiated between the overall charge for a settlement service and “any portion, split or percentage thereof’....
Alston, 585 F.3d at 761. Consistent with the foregoing quotation, I believe the plain *109 language of § 8(b) continues to refer to “a portion” of a settlement charge after Santiago.
C.
Although interpretations of § 8(b) vary slightly among courts of appeals, the Tubbses have cited no appellate decision which has held that a plaintiff can state a claim for relief under § 8(b) of RESPA absent an allegation that the defendant split the fee at issue with a third party. As the Title Agency noted, the Courts of Appeals for the Fourth, Seventh, and Eighth Circuits adhere to its view that a split fee is required. See Boulware v. Crossland Mortgage Corp., 291 F.3d 261, 265 (4th Cir.2002) (holding “ § 8(b) only prohibits overcharges when a ‘portion’ or ‘percentage’ of the overcharge is kicked back to or ‘split’ with a third party”); Mercado v. Calumet Fed. Sav. & Loan, 763 F.2d 269, 271 (7th Cir.1985) (observing that § 8(b)’s plain language requires a plaintiff to allege that a defendant shared a “portion, split, or percentage” of an unearned portion of a fee with some “other person” to state a claim); Haug v. Bank of Am., 317 F.3d 832, 836 (8th Cir.2003) (interpreting § 8(b) as “an anti-kickback provision that unambiguously requires at least two parties to share a settlement fee in order to violate the statute”).[3]
The Tubbses rely principally on the Eleventh Circuit’s decision in Sosa v. Chase Manhattan Mortgage Corp., 348 F.3d 979 (11th Cir.2003), which they claim held that § 8(b) of RESPA does not require a defendant to split a fee to be liable. Sosa held, no such thing, however. Rather, the Eleventh Circuit seemed to assume that § 8(b) required that a defendant accept something less than an entire fee to be liable, stating: “[gjiving a portion of a charge is prohibited regardless of whether there is a culpable acceptor, and accepting a portion of a charge is prohibited regardless of whether there is a culpable giver.” Id. at 982 (emphasis added). Thus, Sosa requires a plaintiff to allege a split fee with a third party to state a claim under § 8(b), even if the plaintiff need not allege that both participants were culpable actors.
The Tubbses also rely heavily on the Second Circuit’s decision in Kruse, arguing it held that § 8(b) does not require a defendant to allege a split fee to state a claim. Although Kruse did defer to HUD’s interpretation that § 8(b) covered markups, a markup necessarily involves a split fee, since the defendant keeps a portion for itself and passes the rest on to the third party that performed the service. See Kruse, 383 F.3d at 53. Thus, nothing about Kruse’s approval of markups in the *110 § 8(b) context can be read to eliminate § 8(b)’s textual requirement that a defendant receive only a “portion, split, or percentage” of a fee to be liable. Indeed, the only theory of liability that the Second Circuit held to be “clearly and unambiguously” beyond the reach of § 8(b) was the overcharge, which by definition involves no split fee since the defendant is alleged only to have charged too much for its own sendee. See 383 F.3d at 56. Accordingly, the Tubbses’ reliance on Kruse is misplaced.
In sum, the Tubbses are unable to identify any persuasive authority in support of their argument that they need not allege that the Title Agency split the $150 fee at issue to state a claim under § 8(b). This is unsurprising in light of the statutory text’s requirement that one receive a “portion, split, or percentage” of an unearned fee to be liable.
D.
In a fallback argument, the Tubbses cite a portion of our analysis in Santiago for the proposition that their $150 payment to the Title Agency should be combined with their $80 payment to Wachovia and regarded as a single $230 payment. Such an approach is required, argue the Tubbses, by the “economic reality analysis” of Santiago.
In holding that § 8(b) covered both markups as well as kickbacks, Santiago noted that “the parties would be in the same economic position” regardless of whether a defendant engaged in a kickback or a markup scheme. 417 F.3d at 388. Irrespective of how the defendant subsequently divided the fee received from the plaintiff, we noted, the plaintiff would be charged the same amount at the outset of the transaction. Id. Santiago thus did not mandate any “economic reality analysis” when assessing claims under § 8(b). Rather, the Court simply observed that to the consumer, there was little practical difference between a kickback and a markup when concluding that § 8(b) prohibited both types of conduct. Accordingly, Santiago does not require us to combine the two distinct charges paid by the Tubbses into one under the vague rubric of “economic reality.”
The Tubbses’ attempt to aggregate several distinct fees into one single charge also contravenes the text of § 8(b), which provides that “no person shall accept any portion, split, or percentage of any charge made or received” without providing services. 12 U.S.C. § 2607(b) (emphasis added). The text of § 8(b) contemplates a single, discrete charge that is subsequently split, not multiple charges paid to different entities at the outset, before they ever pass through a common defendant, which are later combined only for the purposes of litigation. Combining charges in this way would contradict the well-pleaded allegations of the Tubbses’ own amended complaint, where they averred that the fees were separately charged and paid.
Accepting the Tubbses’ economic reality theory also would vitiate the requirement that a defendant split a fee with a third party to be liable under § 8(b). The Tubbses essentially ask the Court to aggregate multiple fees paid to different parties into a single “charge.” Under this approach, a plaintiff could always manufacture a split charge — and thus liability under § 8(b) — simply by picking and choosing various charges from a HUD-1A form and combining them. I would not render § 8(b)’s requirement of a split charge meaningless in this fashion.
II.
In conclusion, I believe the Tubbses were required to allege that the Title *111 Agency accepted a “portion, split, or percentage” of a fee without performing the corresponding services in order to state a claim under § 8(b) of RESPA. Nothing in Santiago suggests otherwise. Although the Tubbses alleged that the Title Agency received a $150 fee for which it performed no services, they failed to allege that the Title Agency split that fee with any third party. Therefore, the Tubbses’ claim under § 8(b) of RESPA was properly dismissed. See, e.g., Donahue v. Gavin, 280 F.3d 371, 372 n. 2 (3d Cir.2002) (observing that we may affirm for any reason supported by the record).
For the foregoing reasons, I would affirm the judgment of the District Court.

. Because I would affirm the District Court’s dismissal of the Tubbses' sole federal claim, I would also affirm the District Court's decision to decline supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c).

. In support of their argument that § 8(b) should be interpreted contrary to its text, the Tubbses urge us to defer to HUD's interpretation of the statute, which provides: "A charge by a person for which no or nominal services are performed or for which duplicative fees are charged is an unearned fee and violates” § 8(b). 24 C.F.R. § 3500.14(c). HUD has also issued a policy statement in which the agency "specifically interprets § 8(b) as not being limited to situations where at least two persons split or share an unearned fee for the provision to be violated.” 66 Fed.Reg. 53052, 53057. Because I believe the "intent of Congress is clear, that is the end of the matter” and we need not defer to HUD’s counter-textual interpretation of § 8(b). Santiago, 417 F.3d at 386 (citing Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). Likewise, we need not consider the Title Agency’s argument that the legislative history of § 8(b) makes clear that a defendant must split a fee with a third party to be liable.

. The Tubbses argue that Santiago declined to follow the circuit courts which require a defendant to allege a split and "rejected their reasoning.” This overstates the nature and extent of Santiago's disagreement with those decisions, however. Santiago did not disagree with the portions of Boulware, Haug, or Kxzalic v. Republic Title Co., 314 F.3d 875, 879 (7th Cir.2002), that hold a plaintiff must allege a split fee to state a claim under § 8(b). Rather, we cited those decisions in Santiago to emphasize our disagreement with their interpretation of the phrase "no person shall give and no person shall accept” as creating a single prohibition that requires both a culpable giver and a culpable receiver of an unearned fee. See 417 F.3d at 388-89. Like the Eleventh Circuit in Sosa v. Chase Manhattan Mortgage Corporation, 348 F.3d 979 (11th Cir.2003), we interpreted that language as creating two independent prohibitions — one on giving, the other on receiving — which in turn allowed us to find that markups, which by definition include only a culpable receiver, are within the ambit of § 8(b). See Santiago, 417 F.3d at 388-89. We did not cite Boul-ware, Haug, or Krzalic to emphasize that we disagreed with their assumption that § 8(b) requires a plaintiff to allege a split fee. In fact, it would have been unnecessary to do so, since the markup theory we approved in Santiago necessarily included a split fee.